## CLEMENTS *vs.* CRIBBS & COVINGTON.

1. Pleas must be construed separately and distinctly, except when connected by a reference to each other, and the plaintiff on the trial of an issue on one plea cannot take advantage of an averment or admission contained in another plea.

ERROR to the Circuit Court of Tuskaloosa. Tried before the Hon. Geo. D. Shortridge.

THIS was an action of trespass brought by Clements against Cribbs & Covington, to recover damages for taking away and converting certain goods, wares and merchandize, alleged to be the property of the plaintiff. The defendants' pleas, which were demurred to, are stated in the opinion of the court.

ORMOND & PECK for plaintiff in error :

1. The demurrer to the second plea should have been sustained, as it plainly appears that the goods levied on as the property of J. C. Clements, were the identical goods which had already been attached as the property of Reuben Clements, and replevied by him. They were then in the custody of the law, and not subject to attachment in another suit.—Augustin v. McLean, 3 Por. 138 ; Rives & Owen v. Wilburn, 6 Ala. 45 ; Hagan v. Lucas, 10 Pet. 400.

No counsel for defendants.

PARSONS, J.—The plaintiff demurred to the two special pleas of the defendant Cribbs, and the demurrers were overruled, and that is now assigned as error. In reference to those pleas it is contended, that the demurrers to them should have been sustained, because it appears, as is contended, that the goods levied on as the property of J. C. Clements were the identical goods which had already been attached as the property of Reuben Clements, and replevied by him—that those goods were therefore in the custody of the law, and not subject to attachment in another suit. But the fact, I think, does not appear, so as to enable the plaintiff to rely on it in support of either of his demurrers. It certainly is not stated in either one of the pleas.

Clements v. Cribbs & Covington.

The first special plea of Cribbs states that, as sheriff, he took the identical goods which are mentioned in the declaration, under an attachment in his hands against Reuben Clements, the plaintiff, and that they were replevied by him. The second special plea states that, as sheriff, he took the identical goods mentioned in the declaration, under an attachment in his hands against J. C. Clements, stating also, in substance, that they were the property of J. C. Clements, but held by Reuben Clements for the purpose of defrauding the creditors of J. C. Clements. The other levy is not stated, however, in that plea, nor is it stated that they had been replevied. The pleas have no reference to each other. As they are drawn, as well as in legal effect, they are entirely distinct. The counsel cannot possibly make the fact appear upon which he relies, without making one plea destroy the other. In the case of Pope v. Welsh, decided at this term, we went fully into this doctrine, and held, upon authority, that pleas were distinct things, except when they were connected by a reference—that one could not be taken advantage of to help, or to vitiate another, any more than if they were on different records, and that a plaintiff could not prove his case on one issue, by what the defendant admits in his plea on another issue in the same action. It may be that the fact on which the counsel relies can be collected, with more or less certainty, from all that is stated in the two pleas and the declaration, taken together, but it cannot be made out from what is stated or admitted in either one of the pleas, and therefore the case of Pope v. Welsh is against the plaintiff in error. In other respects, we think the pleas are substantially good.

The judgment is affirmed.