# Zealy *v.* Birmingham Railway & Electric Co.

### *Action for Damages for Personal Injuries.*

1. *Plea of the general issue; admissions thereunder by a corporation formed by consolidation.*—In an action for personal injuries against a corporation, on the theory that it assumed the liability of a negligent corporation, which consolidated with others to form the defendant, after the injuries were received, and before the institution of the suit. the plea of the general issue admits the defendant's corporate character, but does not admit that the defendant derived its existence from the consolidation of the negligent company with other corporations.

2. *Action against a corporation; evidence of consolidation.*—In an action against a corporation, alleged to have been formed by the consolidation of a corporation guilty of the negligence complained of with other corporations, a deed executed by the negligent corporation to the defendant, after the institution of the suit, which recites the latter's creation by consolidation at some time prior to the date of the deed, and which conveys all rights, property &c. of the grantor, and an act of the legislature confirming the consolidation referred to in said deed, when taken together with the admission incident to the plea of the general issue—that defendant existed as a corporation before suit was brought—constitute competent evidence of the alleged consolidation prior to the institution of the suit; and, hence, it is error for the court to give the general affirmative charge for the defendant, on the theory that there was no evidence to prove that the negligent corporation had been merged into the defendant.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellant, Hattie O. Zealy, against the Birmingham Railway & Electric Company, on August 2, 1890, to recover damages for personal injuries, alleged to have been sustained by the plaintiff by reason of the negligence of the Birmingham Union Railway Company, or its employes. Each of the counts of the complaint, as amended, averred that "the plaintiff claims of the defendant, a corporation organized under the laws of Alabama, by the consolidation on, towit, the 5th day of May, 1890, with

the Birmingham Union Railway Company, the Birmingham & Bessemer Railroad Company, the Ensley Railway and the Birmingham & Electric Company, private corporations existing under the laws of the State of Alabama." The closing averment of each count was as follows: "And the plaintiff avers that by reason of said consolidation the defendant is liable to her in damages for the injuries caused by the wrongful acts of the said Birmingham Union Railway Company, hereinabove complained of." Issue was joined upon the pleas of the general issue.

On the trial of the cause, it was shown that the injuries were sustained by the plaintiff on April 27, 1890, while she was a passenger on one of the horse cars operated by the Birmingham Union Railway Company. The evidence, introduced for the purpose of proving the consolidation of the Birmingham Union Railway Company with other corporations to form the defendant comporation, is sufficiently stated in the opinion. Upon the hearing of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its behalf; and to the giving of this charge the plaintiff duly excepted. There were other rulings of the court to which exceptions were reserved, but it is not deemed necessary to set them out. There was judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court.

JAMES H. LITTLE, for appellant.—The averment in the complaint that the defendant is a corporation under the laws of Alabama, by the consolidation of other corporations existing under the laws of Alabama, is a mere allegation that it is a body corporate, and plaintiff is not required to prove such allegation under the general issue.—2 Morawetz on Corporations, § 944; *Shields v. Ohio*, 95 U. S. 323; *R. R. Co. v. Maine*, 96 U. S. 509; 4 Amer. & Eng. Encyc. of Law, p. 272. The appearance of the defendant is an admission of the corporate character as averred.—*Oxford Iron Co. v. Spradley*, 46 Ala. 98. The defendant is estopped to deny the consolidation.—*Railway Co. v. Skidmore*, 69 Ill. 568. Both companies were liable and it was not necessary to prove consolidation.—*Ricketts v. B. St. R. R. Co.*, 85 Ala. 600; 2 Morawetz on Corporations, § 955; *Warren v. M. & M. R. R. Co.*, 49 Ala. 584.

HEWITT, WALKER & PORTER, *contra.*—The recitals in the act of the General Assembly and the deed introduced in evidence were no proof of the fact of consolidation.—*Kelly*

*v. Trustees of A. & C. R. R. Co.*, 58 Ala. 489 ; 1 Greenl. on Ev., §§ 491, 500.

McCLELLAN, J.—This action is for personal injuries resulting to the plaintiff, Hattie O. Zealy, for negligence on the part of The Birmingham Union Railway Company, or its employes. The suit is against the Birmingham Railway and Electric Company, on the theory that after the injuries were received, and before the institution of the suit, the negligent corporation was, with several other corporations, cosolidated, forming the defendant corporation, which latter concern thereby assumed the liability now sought to be enforced, though primarily it rested solely, of course, on the Birmingham Union Railway Co. The complaint is to be taken as averring these facts, though they appear therein more in the way of casual recital than affirmative and direct allegation. It was necessary, obviously, for the complaint to aver them, since without the fact of consolidation before suit brought no cause of action existed when the suit was brought, and no recovery could be had. Several pleas were filed by the defendant, each of which presented only the general issue of not guilty, and upon this issue the case was tried. It is insisted that the submission of the cause on this issue alone was an admission on the part of the defendant both of the capacity in which it was sued and of its responsibility for the wrongs charged against the Union Railway Co.; or, in other words, that neither defendant's corporate character nor the fact of the merger of the wrong-doing corporation by consolidation into the defendant corporation is within the general issue. As to the first proposition the contention is sound ; the plea of not guilty admits the capacity in which defendant is sued. But from the fact that defendant is a corporation it does not follow that it came into existence as such as a result of the consolidation of the Birmingham Union Railway Co. with other corporations. While the pleas interposed are not to be taken as denying the capacity in which the defendant is sued, they do go in traverse of every fact alleged in the complaint which is essential to the existence and enforcement of the claim advanced, so far as the misconduct charged against the Union Railway Co. and defendant's responsible connection therewith are concerned. As has been said by this court, "this form of defense goes . . . in traverse of the misconduct, resulting in injury, which [or liability for which] the complaint imputes to the defendants, the facts out of which the liability arises."—*Louisville & Nashville*

*R. R. Co. v. Trammell,* 93 Ala. 350. The complaint shows that the defendant corporation did not commit the wrongs counted on. Had it simply averred these wrongs as being committed by another corporation, the consequent injury, and that defendant was a corporation, it clearly would have presented no cause of action against the party sued. That party's liability for the wrongs of the negligent corporation arose, if at all, from the fact that it succeeded by process of consolidation to the assets and liabilities of the wrong-doing company. And the fact of such consolidation was necessary to be alleged, was denied by the plea of the general issue, and of consequence was necessary to be proved by the plaintiff.

The trial court held that there was no evidence adduced which tended to prove that the Birmingham Union Railway Co. had been merged into the defendant corporation before suit brought, and upon this theory gave the affirmative charge for the defendant.

The record leaves no room for doubt that the defendant company became a corporation, by the name of the Birmingham Railway and Electric Company, at some time prior to the act of February 12, 1891, by and through a consolidation of several then existing corporations, one of which was the Birmingham Union Railway Company, which in April, 1890, inflicted the injuries complained of. This fully appears by an act approved February 12, 1891, entitled "An act to confirm, amend and enlarge the charter of Birmingham Railway and Electric Company, and to ratify and confirm the consolidation of the Bessemer and Birmingham Railroad Company with other corporations therein named," which, after reciting that under and by virtue of the provisions of section 13 of "an act to confirm, amend and enlarge the charter of the Bessemer Dummy Line, and to change the name thereof," approved February 19, 1889, the Bessemer and Birmingham Railroad Company has united and consolidated its railroads and franchises, rights and privileges with the railroads, franchises, rights and privileges of the Birmingham Union Railway Company, the Ensley Railway and of the Birmingham Electric Company, corporations organized under the general laws of the State, that by such consolidation and amalgamation, "the said four corporations did form one general corporation, under the name and style of 'Birmingham Railway and Electric Company,' " and further, setting forth the terms of said consolidation and the manner in which it was effected, &c., &c., proceeds to ratify and confirm the same in all respects, and

to provide "that all the rights, powers and franchises, at the time of such consolidation, belonging to each and all of said corporations, so consolidating, and their rights and interest in and to every species of property, are by virtue of said consolidation, declared to be transferred to and vested in the Birmingham Railway and Electric Company, without any other deed or transfer," &c., with a *proviso* that "all the debts, liabilities, and duties of each and all the said consolidating corporations, shall attach to said consolidated company, and be enforced from the same, to the same extent, and in the same manner, as if such debts, liabilities and duties had been originally incurred by it." Acts 1890-91, pp. 584-7. This statute was adduced in evidence. So also was a deed, executed by the Birmingham Union Railway Company to the Birmingham Railway and Electric Company on September 30th, 1890, which recites the consolidation referred to in the act, and the creation thereby of the last named corporation at some time, not specified, prior to its date, and in terms conveys to the consolidated company all the rights, privileges, franchises and property of the grantor, and among other property the line of street railway upon which the plaintiff was injured. This, the act of the General Assembly and the deed, was unquestionably evidence that the defendant became a corporation under and by the name of the Birmingham Railway and Electric Company by consolidation between the Birmingham Union Railway Company and the other named corporations prior to Sept. 30th, 1890. The fact of incorporation,—in other words the manner in which it was effected,—the name of the consolidated company, and its responsibility for the wrongs of the consolidating companies is shown by this evidence. What this evidence does not show is the precise date at which the consolidation took place, nor whether it was prior or subsequent to August 2d, 1890, when this suit was instituted. But while the plea of the general issue does not admit the responsibility of the defendant for the negligence of the Birmingham Union Railway Company, and does not of itself admit that the defendant corporation was the result of a consolidation between that particular company and others, it does admit that on August 2d, 1890, when the suit was brought, the defendant was a corporation by the name and style of the Birmingham Railway and Electric Company. And the confirmatory statute and the deed we here referred to go to show that it became such corporation by the consolidation of the negligent corporation with others; and the admission of the plea, with the

[McCalley v. Otey.]

facts thus shown, taken together,—the one as showing that the defendant existed as a corporation by this name prior to suit brought, the other as showing that this corporate existence and name was acquired by this consolidation,—clearly, in our opinion, constituted competent evidence of the alleged consolidation prior to the institution of the suit. The trial court erred, therefore, in giving the general affirmative charge for the defendant on the assumption of the non-existence of such evidence.

The other questions urged upon our attention need not arise on another trial, and we will not pass upon them.

Reversed and remanded.