# Christian & Daniel v. Niagara Fire Insurance Co.

*Action on a Fire Insurance Policy.*

1. *Fire insurance policy; limitations therein.*—The stipulation in a policy of insurance that the company "shall be liable only for such proportion of the whole loss as the insurance bears to the cash value of the whole property thereby insured at the time of the fire," and that "other concurrent insurance [is] permitted without notice until required," limits the insurance company's liability to the proportion the insurance bears to the cash value of the property at the time of the loss, without regard to the existence of concurrent insurance.

2. *Limitations in fire insurance policy; what not unreasonable.*—In an open fire insurance policy on cotton in a warehouse, the limitation that the company "shall be liable only for such proportion of the whole loss as the insurance bears to the cash value of the whole property thereby insured at the time of the fire," is not unreasonable or unjust, nor contrary to law or public policy.

3. *Plea of tender; error without injury.*—Although a plea of tender is

[Christian & Daniel v. Niagara Fire Insurance Co.]

defective in not averring that the defendant brought the money into court, the overruling of a demurrer to such defective plea by the trial court does not justify a reversal of the judgment, when another plea of tender to the same count of the complaint was in legal form and in all respects sufficient, and the evidence showed, without dispute, that the money was actually brought into court at the time both pleas were filed.

4. *Variance between replication and complaint.*—A replication to a plea can not set up a cause of action different from that declared on in the complaint; and when, in an action on an insurance policy the plaintiff declares on the policy as a valid, binding contract, he can not, by replication to defendant's pleas, avoid its conditions by allegations of fraud, which vitiate the contract.

5. *Pleadings; promise without consideration.*—It is a good and valid defense against an action on a stated account that the promise declared on in the complaint was wholly without consideration, and a plea which alleges facts showing this defense is not demurrable.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the HON. S. H. SPROTT.

This was an action brought by the appellant against the appellee to recover the amount due on a fire insurance policy, whereby the defendant insured the plaintiffs against all loss or damage by fire on certain cotton owned by the plaintiffs and stored in their warehouse.

The complaint contained three counts, as stated in the opinion. The defendant filed five pleas in answer to said complaint, the substance of which were as follows : No. 1, in answer to 1st count of complaint, admitted the execution of the policy alleged, and the liability of the defendant thereunder, and attaches the insurance policy as an exhibit, and makes the same a part of the plea, but denies that defendant is liable for the full amount claimed, but for a less amount, and tenders the amount admitted to be due. No. 2. "The defendant saith that this defendant tendered to the plaintiffs the amount due to him, to-wit, $387. 21-100, before the action was commenced." No. 3, denies each and every allegation of the complaint. No. 4, denies each and every allegation of the second count of the complaint. No. 6, is as follows : "Comes the defendant and for further answer to the second count of plaintiffs' complaint says that if any account has been stated between plaintiffs and defendant, it was founded upon a mistake of law and of facts as to the measure of liability of defendant under a contract of insurance made by it with plaintiffs, a copy

of which is hereto attached and marked 'Exhibit A' and made a part of this plea. Defendant avers that on to-wit, the 19th day of February, 1891, there were covered by said contract or policy of insurance forty bales of cotton of the aggregate value of seventeen hundred and forty-three 35-100 dollars; that on that day a fire destroyed a warehouse in which that cotton was contained, and seventeen bales of the forty were destroyed, and twenty-three bales were saved harmless; that the value of the said seventeen bales destroyed by fire was seven hundred and fifty 04-100 dollars; that the total liability of defendant for said loss under the terms of said contract was three hundred and eighty-seven 21-100 dollars; and any acknowledgment of liability beyond that amount on the part of this defendant, if such were made, was founded upon mistake as to the measure of its liability and without consideration.'' The plaintiff filed six demurrers to these pleas; the first was addressed to the 1st and 3d pleas, because of inconsistency; one admitting the execution of policy and liability thereunder, and tendering the amount due, while the other denied the execution. The 2d demurrer was addressed to the 3d plea, and assigned as its ground that said plea denied the execution of a written instrument on which suit was brought, and is not sworn to. The 3d demurrer was addressed to the 1st plea, on the ground that it is not a sufficient plea of tender, in failing to aver that the amount had been always kept good from the time of making it. The 4th demurrer was also addressed to the 1st plea, on the ground, that the same was insufficient as a plea of tender, in failing to aver a tender of the full amount with interest. The 5th demurrer is addressed to the 6th plea, on the ground that it sets up an immaterial issue, and is an insufficient plea because it alleges that the settlement was made under a mistake of law. The 6th demurrer is addressed to the same plea, on the ground that it sets up the facts on which the settlement and compromise was made, and fails to allege that said facts were not true, or that there was any mistake as to the facts on which said settlement was made. The court overruled each of these demurrers; and plaintiffs then filed nine replications to said pleas.

The first replication was addressed to the 1st plea, and set up the fact that the insurance policy which was set

forth in said plea did not contain and properly set forth the contract of insurance which plaintiff made with defendant, and on which the suit is brought; that the contract on which this suit was brought was for 20 bales of cotton, at $45 per bale, in a certain warehouse, while that shown in the plea was different from this, and further, that since the making of the contract on which the suit was brought, defendant had changed said policy without plaintiffs' knowledge or consent, by pasting on to said contract a clause limiting the liability of defendant under said policy. The 2d replication was addressed to the same plea, and set up substantially the same facts as the first, with the additional facts, that defendant had stamped or written across and over said limiting clause, so pasted on the policy, the words, "Niagara Fire Insurance Co." in large red letters for the purpose of obscuring from plaintiffs said limiting clause, and that said letters did have the effect of obscuring said clause from plaintiffs, and prevented them from detecting or seeing said clause. The 3d replication is addressed to the same plea, and sets up the fact that, after the loss had occurred under said policy, the plaintiffs and defendant met for the purpose of adjusting and settling said loss, and that they did then adjust said loss and agreed on the amount defendant should pay under said policy, which amount defendant agreed to pay, and plaintiffs agreed to accept the same in full satisfaction of said claim, and that it was a greater amount than defendant now offers to pay. The 4th and 5th replications are substantially the same as the 3d, except they are in different language, and addressed to the 1st and 2d pleas. The 6th and 8th, went to the 1st and 2d pleas. They set out the facts and charge fraud on the part of defendants in altering and changing said insurance policy. The 7th replication, to 1st plea, sets up a waiver of said limiting clause by defendant, after the loss and after a full investigation of all the facts and circumstances, agreeing to pay a certain sum in settlement of the claim under the policy for the loss. The 9th replication, to said first plea, sets up the fact that said limiting clause under said contract, was, by its terms, only to apply in case of other insurance on the property destroyed, and that hence said clause had no application in this case. On motion of defendant each of said replications was stricken from the files,

[Christian & Daniel v. Niagara Fire Insurance Co.]

and plaintiffs forced to trial on said complaint and pleas.

The testimony for the plaintiffs tended to show that at the time they took out the policy of insurance, on which this action was founded, there were stored in the warehouse 20 bales of cotton; that when they went to the defendant's agent to get insurance they told him they wanted a "straight policy" on their cotton and that they never noticed the policy with the limitation clause pasted on the side of it until after the fire; that after the fire the agent of the defendant, who issued the policy, came to the plaintiffs' place of business with one Williams, whom he introduced as the agent of the defendant, who had come for the purpose of adjusting and settling the loss; that the plaintiffs came to an agreement with the said Williams, by which the company was to pay $750 for the 17 bales of cotton; and that it was on this agreement and understanding the plaintiffs made out their proof of loss. On the other hand, the testimony for defendant tended to show that the said Williams was not its authorized agent to alter, change or modify the conditions of the policy; that he was simply an agent of the defendant's authorized agent, and employed by the defendant's agent; and that when the defendant's authorized agent went to the plaintiffs he told them that Williams had made a mistake, and that under the limitation clause, which is copied in the opinion, they were only entitled to $387.21, which he tendered to plaintiffs, but this amount was refused. The defendants also showed that this amount was paid into court.

Upon the introduction of all the evidence, the court, at the request of the defendants, gave the following written charge to the jury: "If the jury believe the evidence they will find for the defendant upon the plea of tender." The plaintiffs duly excepted to the giving of this charge. There was judgment for the defendant; and the plaintiffs, on this appeal prosecuted by them, assign as error the rulings on the pleadings, the giving of the affirmative charge requested by defendant, and the judgment rendered.

WOOD & MAYFIELD and A. B. McEACHIN, for appellants.—The second demurrer, which was addressed to the 3d plea, should have been sustained, since such plea in effect denied the execution of the policy, and should

have been sworn to.—*Montg. & Mobile R. Co. v. Gilmer,*
85 Ala. 423, 5 So. Rep. 138 ; *Manning v. Maroney,* 87 Ala.
563, 6 So. Rep. 343 ; Code, §§ 2676, 2770 ; *Equitable Acc't
Ins Co. v. Osborn,* 90 Ala. 201, 9 So. Rep. 869. The 2d
plea, which was the plea intended as a plea of tender,
was fatally defective, on the grounds alleged in the de-
murrer, and the demurrer should have been sustained.—
*Frank v. Pickens,* 69 Ala. 369 ; *Com. Fire Ins. Co. v. Allen,*
80 Ala. 571, 1 So. Rep. 202 ; *Maxwell v. Moore,* 95 Ala.
166 ; *Alexander v. Caldwell,* 61 Ala. 543.

The demurrer to the 6th plea ought to have been sus-
tained ; that a settlement is made or money paid, under
a mistake of law, is no defense to the action. All per-
sons are conclusively presumed to know the law.—*Lesslie
v. Richardson,* 60 Ala. 563 ; *Hemphill v. Moody,* 64 Ala.
468 ; *Haden v. Ware,* 15 Ala. 149 ; *Town Council v. Burnett,*
34 Ala. 400. One who solicits and writes insurance for
a company is the general agent of the company, and
may waive forfeitures and conditions in insurance poli-
cies, notwithstanding clauses in the policy, that no agent
has such power.—Mechem on Agency, § 93; *Carrugi v.
Atlantic Fire Ins. Co.,* 2 Amer. Rep. 567; 3 Amer. Rep.
76; *Ins. Co. v. Young,* 58 Ala. 477; 97 Amer. Dec. 383 ;
96 Amer. Dec. 83. When a loss has been adjusted and
a promise made to pay the same, or even an acknowl-
edgment by the insurer that a certain sum is due under
the policy, that will support an action, and the amount
agreed on can be recovered in a suit on the common
counts as an account stated.—Chitty's Pleadings, Vol.
1,358; Phillip on Insurance, § 1815; Park on Insurance,
Vol. 1, 260 ; *Levy v. Peabody Ins. Co.,* 27 Amer. Rep. 598;
*Farmers' & Merch. Ins. Co. v. Chestnut,* 50 Ill. 112; *Illinois
Mut. Fire Ins. Co. v. Archdeacon,* 82 Ill. 236; s. c.
25 Amer. Rep. 313; *Stachie v. St. Paul Ins. Co.,* 35 Amer.
Rep. 772.

HARGROVE & VANDEGRAAFF, *contra.*—Plaintiffs' first
demurrer for misjoinder of defendant's pleas (1) and (3)
was properly overruled for the reason that the alleged in-
consistency assigned for cause does not exist. Plea No.
(3) does not deny the execution of the policy.—*L. & N.
R. Co. v. Trammell,* 93 Ala. 350, 9 So. Rep. 870; *A. G. S.
R. R. Co. v. Frazier,* 93 Ala. 45, 9 So. Rep. 303. The de-
murrers to plea No. 6 were properly overruled. The

[Christian & Daniel v. Niagara Fire Insurance Co.]

first ground goes only to part of the plea, which alleges mistake not merely of law but of fact. Demurrer was not the proper remedy —*Kennon v. W. U. Tel. Co.*, 92 Ala. 399, 9 So. Rep. 200; *Ernst Bros. v. Hollis*, 86 Ala. 511, 5 So. Rep. 738. The making of the contract of insurance was wholly within the power of the parties, and the conditions imposed thereon were neither unjust nor inequitable.—Wood on Fire Insurance, (2d Ed.), §§ 40, 478; *Peoria M. & F. Ins. Co. v. Wilson*, 5 Minn. 53.

COLEMAN, J.—The action was to recover an amount claimed to be due upon a fire policy of insurance. The declaration consists of three counts ; the first in the common form on the policy, averring the insurance of cotton, the destruction of seventeen bales, &c. by fire; the second count is upon an account stated, and the third, for money had and received. Several assignments of error are made upon the rulings of the court upon the pleadings, but we are of opinion that a few general principles will settle them all. To the first count there was a special plea, setting out the entire policy of insurance, one clause of which limited the extent of the liability of the insurance company, followed by an averment of facts which, if true, under the construction of the limiting clause contended for by the defendant, showed a certain amount to be due, and a plea of tender in legal form of this amount. A demurrer to this plea was overruled, the correctness of which ruling involves the construction of the limiting clause of the policy. It is as follows : ''Ordinary form for open warehouses. On cotton in bales, their own, or held by them in trust, or on commission, or on joint account with others, or sold but not delivered, contained in McGee's warehouse, situated in North Port, Alabama. It is understood and agreed to be a condition of this insurance that this policy shall not apply to or cover any cotton which may, at the time of loss, be covered in whole or in part by or under the protection of any marine insurance, or policy of any marine company; and further, that this company shall be liable only for such proportion of the whole loss as the insurance bears to the cash value of the whole property hereby insured, at the time of the fire. Other concurrent insurance permitted without notice until required.'' The plea then averred that there were forty bales of cot-

ton in the warehouse covered by the policy at the time
of the fire, that twenty-three bales were saved from the
fire, and seventeen bales destroyed. It then averred the
cash value of the whole property insured (forty bales), the
value of the cotton destroyed (seventeen bales), and the
tender of the amount of liability under the limitation
clause. The demurrants contend that this clause
can have no application where there are not con-
current policies issued, and there being none averred in
the plea, the insurer is liable for the whole loss. The
words used in the condition of the policy which we have
quoted will not admit of this contention. It expressly
stipulates against a liability for the whole loss in the
event the value of the property covered by the policy ex-
ceeds the amount of the insurance, and says, "this com-
pany shall be liable only for such proportion of the whole
loss as the insurance bears to the cash value of the
whole property hereby insured at the time of the fire."

The insurance was for nine hundred dollars, the cash
value of the whole property covered by the policy was
averred to be $1,743.35, the loss valued at $750, the pro-
portionate liability of the insurance company $387.21,
which amount was tendered and brought into court.
There does not seem to be any difficulty or ambiguity
about the construction of the limitation clause of the
policy, or in ascertaining the proportionate liability. The
insurance company was liable for a fraction over $51\frac{1}{2}$
*per cent.* of the whole loss, and the insured for some-
thing less than $48\frac{1}{2}$ *per cent.* We do not concur in the
proposition, that the clause is unreasonable and unjust,
and for this reason ought not be sustained. True, the
amount of property which an open policy, or "blanket
policy", as it is sometimes called, of this character could
be made to cover, under some circumstances, might be
so valuable, that a recovery for loss by fire would not be
commensurate with the premium paid, but this condi-
tion can not occur except by the voluntary action of the
insured. The amount of the insurance is nine hundred
dollars. By not permitting the value of the property
insured to exceed the amount of the insurance, the en-
tire loss is recoverable. If the whole property insured
had not exceeded nine hundred dollars, the entire loss
would be recoverable under the provisions of the policy.
The risk the insured carries, under the provisions of this

policy, is increased in proportion as he increases the value of the property covered by the policy beyond the amount of the insurance, and the extent of the liability of the insurer is proportionately diminished. We know of no rule of law or public policy, which prohibits an insurance company from limiting the risk it will carry. Its premiums, in great part, are regulated by the amount of risk. If the insured had taken out a policy for eighteen hundred dollars, an amount equal in value to the whole property covered by the policy at the time of the fire, the company would have been liable for the whole of the loss. The demurrer was properly overruled.

The second plea to the first count, as a plea of tender, was defective in not averring "and now brings the money into court." We would not be justified in reversing this case because of this defective plea, when the first plea to the same count, was in legal form as a plea of tender, and the evidence shows, without dispute, that the money was actually paid into court, at the time of filing these pleas.

It is elementary that a replication to a plea can not set up a cause of action different from that declared on. The first count, declares upon a contract of insurance. To recover on this count the plaintiff is required to prove a valid, subsisting contract. The facts averred in one of the replications, if true, stamps the contract as fraudulent and void as to plaintiff. The plaintiff can not count on the contract for a recovery, as a valid contract, and by replication to defendant's plea avoid its provisions for fraud. He sues *ex contractu*, his replication shows a tort.—*Winter v. Mobile Savings Bank*, 54 Ala. 174; 1 Chitty Pl., 643; *McAden v. Gibson*, 5 Ala. 341. The court did not err in its rulings upon the plaintiffs' replications to the pleas of the defendant to the first count of the complaint.

To the second count of the complaint, that which counted upon a stated account, the defendant pleaded two pleas, the first the general issue, and the second a special plea. Under the evidence in this case and that proposed to be proven by plaintiff, the second count was not made out, and the plaintiff failed upon the general issue. We do not understand the special plea to the second count, as bearing the construction contended

for by plaintiff. True the plea says if any promise to pay
was made, it was made upon a mistake of law and fact,
and if the plea had stopped here it would be subject to
criticism, but this conclusion is followed by a statement
of facts, which, if true, brings the defense clearly within
the principle declared in *Ernst Bros. v. Hollis*, 86 Ala.
511, 5 So. Rep. 738. A promise to pay a claim which is
absolutely without merit, and not based on colorable
right, and the promisee surrenders nothing and is not
injured, can not support an action either at law or
equity.—*Prince v. Prince*, 67 Ala. 565; *Prater v. Miller*,
25 Ala. 320. The *gravamen* of this plea is, that if any
promise or agreement to pay was made by a competent
agent, it was without consideration to support it. The
facts averred sustain this conclusion of the plea.

It is clear to our minds that the amount tendered and
paid into court by the defendant was the full measure of
the recovery plaintiff was entitled to; and as there was
no dispute of the facts upon these issues, the court did
not err in its instructions to the jury.

Affirmed,