[Woodmen of the World v. McHenry.]

# Woodmen of the World v. McHenry.

## Assumpsit.

(Decided November 16, 1916.   73 South. 97.)

1. **Insurance; Benefit. Representation.**—Under Acts 1911, p. 700, §§ 8 and 20, the beneficiary under a fraternal benefit certificate could not recover, unless the insured's alleged breaches of warranty as to his former condition of health, etc., were effectually waived by some competent authority.

2. **Same; Waiver; Pleading.**—In such an action, the allegation in the insured's replications that the medical examiner was the insurer's authorized agent to investigate the applicant's condition of health, and to fill out the application blanks of persons applying for insurance, did not sufficiently aver any authority to waive express conditions of the law of the insurer, of the stipulations in the application which insured was bound to sign, but did not, or of the positive mandate of the statute, and hence, were demurrable.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Mrs. J. F. McHenry against the Woodmen of the World upon a fraternal benefit certificate. Judgment for plaintiff and defendant appeals. Reversed and remanded.

C. H. ROQUEMORE, and E. T. GRAHAM, for appellant. MURRAY & HANNA, for appellee.

MCCLELLAN, J.—The appellee prevailed in her action, which is rested on a policy of life insurance alleged to have validly issued, on May 23, 1914, for one year, on her husband's life, by the appellant, a voluntary fraternal benefit society, the correct corporate name of which is shown to be Sovereign Camp of the Woodmen of the World. The insured, J. F. McHenry, died June 30, 1914; only 38 days after the date of the policy, and 45 days after he had signed the application for the insurance.

(1) In addition to the general issue to the averments of the single count (numbered 5) submitted to the jury, the defendant interposed its defense through 13 pleas. Pleas numbered from 2 to 11, inclusive, assert, as a bar to a recovery on the policy, false representations or breaches of warranties by the insured, viz., that he had never had or suffered from disease of the kidneys; that he had never suffered from shortness of breath; that

[Woodmen of the World v. McHenry.]

he had never had or suffered from hemorrhoids; that he had not, during the preceding five years, consulted or been attended by a physician for any disease or injury; that he had not theretofore failed to obtain life insurance from any life insurance company. Pleas 13 and 14 assert that the contract was unenforceable because the applicant was not in good health when the certificate of insurance was delivered to him. These defenses were predicated of provisions of the laws of the order and of statements of the application signed by the insured. The false representations or breaches of warranty relied on in bar of a recovery on the policy ("beneficiary certificate") were predicated, in some of the pleas, upon these provisions contained in the "beneficiary certificate" sued on: "This certificate is issued and accepted subject to all of the conditions on the back hereof and this certificate together with the articles of incorporation, constitution and laws of the Sovereign Camp of the Woodmen of the World and the application for membership and the medical examination, shall constitute the contract between the order and the member."

"This certificate is issued in consideration of the representations, warranties and agreements made by the person named herein in his application to become a member," etc.

"If any of the statements or declarations in said application for membership and upon the faith of which this certificate was issued, shall be found in any respect untrue, this certificate shall be null and void and of no effect and all moneys which have been paid and all rights and benefits which shall have accrued on this certificate, shall be absolutely forfeited without notice or service," and upon these provisions incorporated in the application of McHenry to join the order: "I hereby certify, agree and warrant that all of the statements, representations and answers in this application, consisting of two pages as aforesaid, are full, complete and true, and whether written by my own hand or not, I agree that if any untrue statement or answer is made by me in this application, or to the examining physician, or any concealment of facts in this application, or to the examining physician, intentional or otherwise, then my beneficiary certificate shall become void and all right of any person or persons thereunder shall become forfeited," and upon these questions and answers contained in the application: "Have you now, or ever had any disease of the following named organs or any of the following named diseases or symptoms. That said McHenry answered said question,

'No.' That in said application under the head of 'Personal History' the following questions were asked: 'Have you ever had any disease of the following named organs. or any of the following named diseases or symptoms, Shortness of Breath,' to which the said McHenry answered 'No.' He was also asked the question if he had ever had hemorrhoids and answered that question, 'No.' He was also asked the following question: 'Have you consulted or been attended by a physician for any disease or injury during the past five years,' which question he .answered, 'No.' "

The special replications (2, 3, and 5), addressed, separately, to all the pleas, to which appellant's demurrers were overruled, "averred, in substance," to quote the brief for appellee: "That the insured was. examined by an authorized medical examiner [alleged to be the authorized agent of the defendant in the premises] of the defendant order for admission thereto, and that the answers alleged in said pleas to have been false, and alleged to have been either misrepresentations or warranties, as to the past and present state of health of the applicant, were written into the blank form provided for such answers by the medical examiner, without asking the insured the questions to which these answers related, and that no false answers of any nature were given by the insured in securing the policy or certificate."

The demurrers to these special replications took the objection that their averments did not disclose any authority or power in the medical examiner to make or to effect waivers of the matters asserted in pleas 2 to 11, inclusive. There were no grounds of demurrer taking appropriate, manifestly available objections to the special replications as answers to pleas 13 and 14. In the General Act, approved April 24, 1911 (Gen. Acts, 1911, pp. 700-722), entitled "An act for the regulation and control of Fraternal Benefit Societies," the following provisions, applicable to the contract here involved, appear: "Section 8. Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation, or if a voluntary association, the articles of association, the constitution and laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member and copies of the same certified by the secretary of the society, or

corresponding officer, shall be received in evidence of the terms and conditions thereof and any changes, additions or amendments to said charter or articles of incorporation, or articles of the association, if a voluntary association, constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiary, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were enforced at the time of the application for membership."

"Section 20. The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."

This act expresses the positive public policy of this state with respect to the insurance contracts within its purview. The provisions of the constitution, laws, and by-laws of the Sovereign Camp of the Woodmen of the World became and were factors in, and elements of the contract declared on in this action; and so in consequence of the enactment cited, in connection with the provisions of the law of the order, which, in turn, in addition to the mandate of the statute (section 8, pp. 703, 704, Gen. Acts 1911), gave appropriate effect to the applications, provisions and requirements. According to the terms of the contract here sued on, there could be no recovery by the plaintiff unless the matters asserted in pleas 2 and 11, inclusive, were effectually waived by some competent authority. In the constitution of the order it is provided: "No officers, employee, nor agent of the sovereign camp, or of any camp, has the right, power or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary or waive any of the provisions of their constitution or these laws, nor shall any custom on the part of any camp or any number of camps with or without the knowledge of any sovereign officer, have the effect of so changing, modifying, waiving or foregoing such laws or requirements. Each and every beneficiary certificate is issued only upon the conditions stated in and subject to the constitution and laws, then in force or thereafter enacted."

" (b) The constitution and laws of the sovereign camp of the Woodmen of the World now in force, or which may hereafter be

[Woodmen of the World v. McHenry.]

enacted, by-laws of the camp now in force, or which may be here-after enacted, the application and certificate shall constitute a part of the beneficiary contract between the order and the member."

When the above-quoted provisions of section 20 of the act of 1911 are, as they must be, applied to the restriction upon the power of officers, employees or agents to waive the conditions upon which beneficiary certificates are issued, or to waive the provisions of the constitution or laws of the order, it is clear that no act or omission of the medical examiner in or about his examination of McHenry could or did operate to waive the requirements established by and under the authority of the order.

(2) Under the averments of pleas 7 to 11, inclusive, the conditions upon which the beneficiary certificate was issued to McHenry, as well as the averred prescriptions established by the laws of the order, it was essential—if the concluding effect of the averments of these pleas was to be averted and avoided—that authority on the part of the medical examiner to waive these conditions and prescriptions be averred. The allegation that the examiner was the authorized agent of the order to investigate the applicant's condition of health and to "write out the application blanks of persons applying for insurance in the defendant order" was in no sufficient sense the averment of authority to waive express requirements of the laws of the order, of the stipulations in the application which he was bound to sign and did not, and of the positive mandates of the General Act of 1911, to which we have referred. The substance, in legal effect, of the averments of the replication is that the defendant's agent, the medical examiner, was authorized to the extent indicated, and that he did not observe his duty to his principal (as well as to the applicant, we may add) in propounding the stated questions to the applicant. The positive law of this state (Gen. Acts, 1911, ante) has intervened to preclude a waiver by such an agent. Its mandate, in connection with the laws of the order and the provisions of the application, must be given appropriate effect. The court erred in overruling the demurrers to special replications 2, 3, and 5 to pleas 7 to 11, inclusive.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.