(89 South. 750)

### WOODMEN OF THE WORLD v. MAYNOR.
#### (6 Div. 180.)

(Supreme Court of Alabama. June 9, 1921.)

**1. Insurance ⬅️815(4)—Proof of death essential.**

In an action by a beneficiary to recover on a benefit life certificate, plaintiff must prove the death of insured; that being one of the essential averments of the complaint.

**2. Insurance ⬅️809—Insurer's refusal to pay on another ground, not waiver of defense that insured was alive.**

Refusal by insurer to pay a benefit certificate on the ground that insured became engaged in aviation *held* not a waiver of defense that insured was still living.

**3. Pleading ⬅️93(1)—On trial of one plea, advantage cannot be taken of admissions in another.**

There may be separate and distinct pleas, setting up different defenses, and plaintiff cannot on trial of the issue on one plea, take advantage of an averment or admission contained in another plea.

**4. Tender ⬅️22—Averments of plea of tender stated.**

Under Code 1907, vol. 2, p. 1202, form 36, must be used for plea of tender, and it must aver the amount due, that it was tendered before suit, and that the money is in court, or if no tender made before suit, the plea should aver the amount brought into court, and should bring into court a sufficient sum to cover costs to date.

**5. Tender ⬅️22—Plea of tender held insufficient.**

In a suit on a fraternal benefit certificate, a plea of tender by defendant, stating the amount it claimed to be due, that it has been ready, willing, and able to pay it before suit was filed, that plaintiff would not accept it, and gave defendant no opportunity to pay same before action was commenced *held* insufficient, in view of Code 1907, § 5334, to show that a cause of action did not exist when suit was commenced.

**6. Insurance ⬅️815(2)—Plea of insurer relating to proof of death held insufficient.**

In a suit on a benefit certificate, a plea, not verified by affidavit and therefore defective as a plea in abatement, averring that no satisfactory proof of death was received, if considered as a plea in bar, was defective, in view of Code 1907, § 5332, for failure to aver that no proof of death was received.

**7. Insurance ⬅️755(2)—Waiver no bar, where prohibited by contract.**

Where the laws of a fraternal benefit society prohibited waivers by subordinate bodies or officers, as authorized by Acts 1911, p. 713, § 20, and such laws were part of the contract and presumed to be known to insured, waiver of increased rates by acceptance of old rates by clerk of subordinate body *held* no bar.

**8. Insurance ⬅️755(1)—Insurer's refusal to pay benefit certificate on one ground no estoppel to another defense.**

That a fraternal benefit society had refused payment of the policy, because insured changed his occupation from teacher to aviator without notice or payment of increased assessments, *held* not to estop the society from claiming that the policy was void, because insured changed his occupation from teacher to a soldier in the army without notice or payment of additional assessments.

**9. Corporations ⬅️513(5)—Pleadings held to admit corporate character of benefit society and that it was sued by right name.**

Where suit was brought against "Woodmen of the World, a corporation, defendant," failure to file plea of misnomer, or of nul tiel corporation, and filing a plea of general issue and special pleas, *held* to admit the corporate character of defendant, and that its name was as described in the complaint.

**10. Corporations ⬅️505—Name under which corporation is sued presumed its name, in absence of plea of misnomer, or nul tiel corporation.**

Where defendant was sued as "Woodmen of the World, a corporation, defendant," and its name as appearing on the certificate was "Sovereign Camp of the Woodmen of the World," in the absence of plea of misnomer, or of nul tiel corporation, and a plea of general issue being filed, it will be presumed that the corporate name of defendant is "Woodmen of the World," as described, and that the certificate was issued by the Sovereign Camp of defendant.

**11. Pleading ⬅️291(2) — Signed instrument sued on, and as to which there was no plea of non est factum properly admitted without proof of execution.**

It was not necessary to prove execution of a signed written instrument, which was the foundation of the suit, and as to which no plea of non est factum was filed, and it was properly admitted in evidence, in view of Code 1907, § 3967, providing that every written instrument purporting to be signed must be received in evidence without proof of execution, unless execution is denied by verified plea.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Evidence �köm179(2)—Parol evidence of papers relating to proof of death held admissible.**

In a suit on a fraternal benefit certificate, where, after demand of defendant for the original papers relating to proof of death mailed by plaintiff, they were not produced, parol evidence of their contents was admissible in view of Code 1907, § 4058.

**13. Insurance ⊞818(4)—Certificate of War Department records held admissible as proof of death.**

In a suit on a fraternal benefit certificate, a certificate of the records of the War Department, showing that insured died while in military service in the line of duty, and not as a result of his own misconduct, *held* admissible in evidence under the by-laws of the society.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by William F. Maynor against the Woodmen of the World for amount due him as beneficiary from a benefit life certificate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Pleas 2 and 3 sufficiently appear from the opinion. Plea 4 sets up the fact the defendant is a fraternal benefit society, has a constitution and by-laws, which were enforced during the contract, and which constituted a part of the contract, and then sets out certain parts thereof, prohibiting legal proceeding within 90 days after receipt of proof of death, and the bringing of the suit after one year from the death of the member, and alleges that the plaintiff violated this. It also sets up the requirement that, in the event the holder of the certificate shall die while serving in any branch of the United States army or navy outside of the boundaries of the United States of America, the amount due under the certificate shall be such proportion of the amount thereof as the period he has lived since becoming a member bears to his expectancy of life at the time of becoming such member determined by the National Fraternal Table of Mortality. which in this case will be $100, and which sum the defendant has been ready at all times to pay. Plea 5 alleges that the insured died while serving as an officer in the United States army outside of the boundaries of the United States, sets up that the fraternal benefit society having in its constitution the clause set out in plea 4, and that defendant's liabilities are only $100. Plea 6 sets up that part of the constitution which increases the monthly payment upon entering the army or navy of the United States, denies that the plaintiff ever notified it, or that insured ever notified it that he had entered the army or navy, and that the insured also failed to pay the additional assessment, and alleges that the company only owes him $100. Plea 7 is a combination of pleas 5

and 6. Pleas 8 and 10 set up that part of the constitution which prohibits the admission of balloonists, aviators, and others, and declares the certificate null and void in case the holder thereof changes his occupation to that of balloonist, aviator, etc., unless notice is given in writing of such change, and an additional 50 cents per month is paid in each monthly installment, and alleges plaintiff's violation to this clause. Plea 10 is very similar to plea 8.

C. H. Roquemore, of Montgomery, for appellant.

The defendant was entitled to the affirmative charge, since the suit was against the Woodmen of the World, and all the contracts introduced were made with the Sovereign Camp, Woodmen of the World; also for the reason that the proof was without dispute that Maynor was suspended. The telegram of the War Department was properly admitted in evidence; but its copy was not, nor could evidence of its contents be; shown, without proof of loss of the original. 196 Ala. 327, 71 South. 404; 196 Ala. 309, 71 South. 397; 89 Ala. 398, 7 South. 398; section 4058, Code 1907. Counsel discuss other assignments of error, but without further citation of authority.

Ward, Nash & Fendley, of Oneonta, for appellee.

Counsel discuss the various assignments of error, but cite no authority in support thereof.

MILLER, J. The plaintiff, William F. Maynor, sues the defendant; Woodmen of the World, a corporation, for $1,000 on a policy whereby defendant insured the life of Eldridge W. Maynor, who died June 25, 1918, of which defendant has had notice, and avers the policy is the property of plaintiff. The first count, No. 2, is in Code form (No. 12), and count 3 is the same as count 2, except it also avers that the policy had been in effect more than two years before the death of said Maynor, and that there is a stipulation therein, when it has been in force more than two years before death of insured, the sum to be paid plaintiff is $1,000. There was judgment for plaintiff, and defendant appeals.

The insured, Eldridge W. Maynor was a school-teacher. While following this calling he joined the defendant company, which is a fraternal beneficiary society. He took out an insurance policy. His premium was 80 cents per month per $1,000. It was increased to 90 cents after the war commenced. The insured joined the United States army, went to France, and was killed while there in an aeroplane accident. The monthly dues were paid the company by the father or wife

of insured until his death at the rate fixed for him as teacher. The insured did not notify defendant in writing that he had joined the United States army, and did not pay the additional assessment for soldiers required by the company. The local officer of the camp to which insured belonged knew he was a soldier, and had gone to France.

[1] The court overruled demurrers to pleas 3, 4, 5, 6, 9, and 10, and to 7 and 8 as amended. Let us look at a few of these pleas. Plea 2 avers that insured did not die on June 25, and denies that he is now dead. There was no demurrer to this plea. There was no motion to strike it from the file. It is contained in plea 1, the general issue. The plaintiff avers, and must prove, the death of the insured. That is one of the essential averments of the complaint. The plaintiff, instead of demurring or filing motion to strike this plea, replied to it, first, by averring that defendant's authorized agent refused by letter payment of the policy because insured, after becoming a member of the association, engaged in aviation, and this made his certificate void, and that defendant thereby waived other grounds of defense; and replication 2 to said plea was to the effect that defendant accepted proof of death of insured, refused payment on other grounds, and is estopped thereby from denying death of the insured. The defendant demurred to these two replications. The court overruled the demurrers. This was error,

[2, 3] The refusal to pay the policy on the ground alleged does not waive the ground that the insured is living. There may be separate and distinct pleas, setting up different defenses, and plaintiff cannot, on trial of the issue on one plea, take advantage of an averment or admission contained in another plea. The defendant, by the letter refusing to pay the policy because the insured, after joining the association, changed his occupation from teaching to aviation, would not estop it from pleading that the insured is not dead, but still living. Clements v. Cribbs & Covington, 19 Ala. 241.

There was rejoinder by defendant to these replications of plaintiff to plea 2 of defendant. The demurrers were sustained by the court. It is not necessary for us to set this rejoinder out, comment on it, or pursue this branch of the pleading further, as the plea, No. 2, was unnecessary, and the replications to it by the plaintiff are defective.

[4, 5] Plea 3 avers that defendant is a mutual benefit society, and is due plaintiff the sum of, to wit, $100; that it has been ready, willing, and able to pay it before suit was filed; that plaintiff would not accept it, and gave defendant no opportunity to pay same before this action was commenced. Demurrers were overruled to this plea. This was error. The Code of 1907 fixes form No. 36 for plea of tender. The plea must aver the amount due, that it was tendered before the action was commenced, and that the money is now brought into court. If the tender was not made before the action was commenced, then the plea should aver the amount of money it brings into court, and should also aver and bring into court a sufficient sum to cover the court cost to date. The plea is not sufficient to show a cause of action did not exist when suit was commenced. Gardner v. Black, 98 Ala. 638, 12 South. 813; Christian & Daniel v. Niagara Fire Ins. Co., 101 Ala. 634, 14 South. 374, section 5334, Code 1907.

Pleas 4, 5, 6, and 7, as amended, each admit an indebtedness due plaintiff under the policy without waiving other pleas.

[6] Plea 9 is uncertain, whether in bar or in abatement. If in abatement, one fatal defect is its failure to be verified by affidavit; if in bar, it is defective for failing to aver no proof of death was received, and other facts to bar the suit. It avers no satisfactory proof of death was received. It does not aver no proof of death was received. Section 5332, Code 1907.

Pleas 8 and 10 are similar in many respects. Each avers that the insured was a teacher when the policy was issued, and his monthly premium was paid on that occupation; that afterwards, one plea averred, he joined the army, and the other avers he became a balloonist: that the contract of insurance prohibited him from entering the army, or joining the aeronautics, without first giving the defendant written notice thereof, and paying monthly the additional assessment, as the contract and laws of the corporation required; that plaintiff did not give the written notice and pay the additional assessments, and the policy thereby under the agreement became null and void. The plaintiff replied to these pleas, from 5 to 10, that the clerk of the camp of defendant to which deceased belonged knew that he joined the army, and that he paid the dues demanded by the clerk; that defendant accepted said dues, and this was a waiver of the increased dues referred to in said pleas. The defendant rejoined that under the laws of the corporation, which are a part of the contract of insurance policy sued on, no officer or agent has authority or right to waive any of the conditions, that no officer or agent, by receiving the old assessment, and knowing of the change of occupation, could thereby waive the additional assessment and written notice of the change of occupation from teacher to soldier in the United States army, or to occupation of balloonist, a more hazardous occupation, as the laws of the corporation forbid the waiver. The court sustained demurrers to this rejoinder. This was error.

[7] If the laws of the order prohibit the waiver, and the laws are a part of the contract, and the insured signed and made the contract, then he would be presumed to know

the contents of the contract, and the laws of the corporation, and the fraternal order would not be barred by the waiver. W. O. W. v. McHenry, 197 Ala. 541, 73 South. 97; Beiser v. Sov. Camp, 199 Ala. 41, 74 South. 235; Sov. Camp, W. O. W., v. Allen, 89 South. 58;[1] W. O. W. v. Alford, 89 South. 528.[2] Our Legislature has enacted the following law on this subject:

"The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members." Gen. Acts 1911, § 20, p. 713.

[8] There were replications of plaintiff to plea 10, that defendant, having refused payment on the ground that insured had engaged in aviation, which rendered the certificate null and void, waived all other grounds of defense. Demurrers of defendant to these replications should have been sustained. The defendant, having refused payment of the policy because insured changed his occupation from teacher to aviator without giving written notice, and without paying the increased assessment as the contract provided, would not estop the defendant from claiming that the policy was null and void, because insured changed his occupation from teacher to a soldier in the army without first giving defendant written notice as the contract provided, and without paying the additional assessment provided by the contract. Section 20, p. 713, Gen. Acts 1911; Clements v. Cribbs, etc., 19 Ala. 241; Sov. Camp, W. O. W., v. Allen, supra; W. O. W. v. Alford, supra.

[9] The plaintiff filed this suit against "Woodmen of the World, a corporation, defendant." The name of the corporation in the beneficiary certificate or policy sued on appears to be "Sovereign Camp of the Woodmen of the World." This name appears therein many times; but the plaintiff sues the "Woodmen of the World, a corporation," defendant. The plaintiff offered this certificate or policy in evidence. The defendant objected on several grounds, but specially because it showed on its face it was issued by the Sovereign Camp of the Woodmen of the World, and is not the policy described in the complaint. The defendant did not file plea of misnomer as to the name of the corporation sued as defendant. The defendant did not file plea of nul tiel corporation. The defendant by its attorney filed plea of general issue and nine special pleas. This admits the corporate character of the defendant, and that its name is "Woodmen of the World"—the name describing it in the complaint. So. Ry. Co. v. Hundley, 151 Ala. 378, 44 South. 195; Zealy v. Birmingham Ry. Elec. Co., 99 Ala. 579, 13 South. 118.

[10, 11] This certificate or policy was signed by the Sovereign Commander and Sovereign Clerk, Woodmen of the World, a corporation, being defendant, and no plea of misnomer or nul tiel corporation on file, and plea of general issue signed by attorneys for defendant being on file, the court will presume that the corporate name is Woodmen of the World, as described in the complaint, and that the certificate or policy was issued by the Sovereign Camp of the corporation known as "Woodmen of the World." So. Ry. Co. v. Hundley, 151 Ala. 378, 44 South. 195; Zealy v. B'ham. Ry. & Elec. Co., 99 Ala. 579, 13 South. 118. No proof of its execution was necessary, as it was in writing, the foundation of the suit, and no plea of non est factum was on file. The court properly allowed it to be introduced in evidence and read to the jury. Section 3967, Code 1907; Oxford Iron Co. v. Spradley, 46 Ala. 98; Sulzby v. Palmer, 196 Ala. 645, 70 South. 1.

After the plaintiff rested its case, the defendant introduced the constitution and laws and by-laws of defendant. Section 1 reads:

"This corporation shall be known as the 'Sovereign Camp of the Woodmen of the World.'"

The question of its name should have been raised by the defendant by proper plea.

[12] The court did not err in allowing the defendant, under the issues in this case, to introduce in evidence all the papers, the letter and telegram mailed by plaintiff to defendant to show the death and date and cause of death of the insured. After demand of defendant for the original papers, and they were not all produced, it was proper to allow parol evidence as to the contents of the originals not produced in court under the demand. Section 4058, Code 1907; Golden v. Conner, 89 Ala. 598, 8 South. 148.

[13] The plaintiff offered in evidence a certificate of records of the War Department of the United States of America, showing that the insured died June 25, 1918, as a result of an aeroplane accident while on duty with the American Expeditionary Forces in line of duty, and not the result of his own misconduct. It was signed by P. C. Harris, Major General U. S. Army—the adjutant general. It was certified to by Newton D. Baker, Secretary of War, by J. B. Randolph, Chief Clerk, etc. The court allowed this in evidence over the objections of defendant. In this there was no error. The by-laws of the defendant require that:

"In event claim is made that a member died while engaged in war in the defense of the United States of America, or while enlisted or serving in the army of the United States * * * in any capacity, proof of said death must be shown also by a certified copy of the record of

---

[1] Ante, p. 41.　　　[2] Ante, p. 18.

said death executed by the proper officer of the army or navy."

The introduction in evidence of this certificate was proper, and in contemplation of the parties under the by-laws of the defendant, which are made part of the contract.

We find that it is not necessary to pass on the other assignments of error, as they will hardly arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.