[Louisville & Nashville R. R. Co. v. Lee.]


# Louisville & Nashville Railroad Co. *v.* Lee.

*Action by Passenger Against Railroad Company for Personal Injuries.*

1. *Contributory negligence in leaping from moving train.*—Where a female passenger, in an enfeebled condition, not having time to leave the train during its stop at her place of destination, without any warning to the conductor or any other employe, leaps from such train after it gets in motion, she is guilty of such contributory negligence, as will bar her right to recover for injuries thereby sustained.

APPEAL from Escambia Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action by Nancy C. Lee, against the Louisville & Nashville Railroad Company, to recover damages for personal injuries, caused by alleged negligence on the part of the defendant. Among the charges requested by the defendant, was the general affirmative charge in its favor.

J. M. FALKNER and CHARLES P. JONES, for appellant, cited *R. R. Co. v. Smith,* 92 Ala. 237; Am. & Eng. R. R. Cas. 520; 30 *Ib.* 612; 28 *Ib.* 220; *Strauss v. R. R.,* 86 Mo. 170; *Central R. R. v. Letcher,* 69 Ala. 106; *Glass v. M. & C. R. R.* 94 Ala. 581.

T. M. STEVENS and J. M. DAVISON, for appellee, cited, *R. R. v. Miles,* 88 Ala. 256; *R. R. v. Stewart,* 91 Ala. 421; 2 Am. & Eng. Ency. 262; 4 *Ib.* 17; *L. & N. R. R. v. Kelsey,* 89 Ala. 287.

HARALSON, J.—The plaintiff's own evidence establishes her contributory negligence to the injury she received.

Without any warning to the conductor or other employe of the Railroad Company, that she had not gotten off the train, at her destination, and had not had time to do so, she attempted and did alight,—because, as she said, "she did not want to be carried by Brewton,"—at a time, when she did not know, as she admits, how fast the train was moving, but when, it seems, it was fast enough to do her the damage of which she complains. Common prudence would have dicta-

[Vormus v. Tennessee Coal, Iron & R. R. Co.]

ted to her, to remain aboard, after the train had been put in motion. If the conductor was at fault, as she complains he was, in not having tarried long enough for her, being reasonably diligent, to get off, he was legally bound, at her request, to stop, return and put her off, or, in default, the company would have been responsible to her for the damage it did her. When she attempted, therefore, to alight, under the circumstances detailed by her, she herself took the risk of the peril involved in the venture. She, better than any one else, saw how fast the train was running, at the time; (for no one saw her get off, so far as it appears) and, better than any other person, she knew whether, in her enfeebled condition, she could make the leap; and, without reference to the negligence of the railroad company, admitting it was guilty of some fault, she can not be allowed to recover for for injuries unintentioally, and not wantonly done her by the company, which her own reckless negligence contributed immediately to bring upon her.—*Central R. R. & B. Co. v. Letcher*, 69 Ala. 106 ; *Birmingham Union Railway Co. v. Smith*, 90 Ala. 63 ; *S. & N. Ala. R. R. Co. v. Schaufler*, 75 Ala. 136.

The general affirmative charge, in favor of defendant, should have been given, and the motion for a new trial granted.

Reversed and remanded.