# Pioneer Savings and Loan Co. v. Barclay et al.

*Statutory action of Ejectment.*

1. *Conveyance; certificate of acknowledgment by clerk of Probate Judge.*—A clerk appointed by a probate judge under clause 6 of section 795 of the code, has no authority to make a certificate to the acknowledgment or proof of a conveyance, in his own name as such clerk.

Appeal from Talladega City Court.
Tried before Hon. John W. Bishop.

This is a statutory action of ejectment, which was brought by the appellant against the appellees, Green and Lizzie Barclay, on February 9th, 1894.

During the progress of the suit, the plaintiffs offered in evidence, a mortgage embracing the lands in controversy, which purported to have been executed by the defendants, and to which was attached a certificate of acknowledgment, made by "M. D. Ivey, Clerk Probate Court."   The acknowledgment was taken, and the mortgage recorded September 19th, 1890.  No other

proof of the execution of the mortgage was made, and upon motion of the defendants, the same was excluded from the jury, and thereupon, by reason of such ruling, the plaintiff took a non-suit, and appealed therefrom.

KNOX, BOWIE & DIXON, for appellant.

BROWNE & DRYER *contra.*

McCLELLAN, J.—The only question in this case is whether the clerk whom a judge of probate is authorized to appoint or employ by clause 6, section 795 of the Code, can take acknowledgments and proofs of instruments authorized to be recorded *in his own name* as such clerk.    That statute provides :   The judge of probate has authority—* * * * * * 6 To employ, at his own expense, a clerk for whose official acts he is responsible ; and such clerk shall have the following powers :   (1.) To do all acts not judicial in their character ;   * * * * * * ;   (3,) to administer oaths relating to the business of the court, and take and certify acknowledgments and proofs of instruments authorized to be recorded," &c., &c.    Bearing on the question stated, Chief Justice Brickell, in *Halso v. Seawright,* 65 Ala. 431 used the following language :   "When on the probate judge was devolved the duty of taking and certifying the examination of the wife, to an alienation of a homestead, the pre-existing statute intervened, and authorized the clerk of his appointment, and in his name, to take and certify it.    For all legal purposes, and in contemplation of law, the act of the clerk is the act of the judge.    Unlike the clerk of the circuit court, or the register in chancery, or the clerk of this court, the clerk of the probate judge is not an independent officer, clothed with distinct official power and duty, to be exercised upon his own responsibility.    He is a mere agent, or deputy, acting for and in the name of a principal, who is answerable for his fidelity.    It is the power and duty of the principal he can exercise, so far as the law permits its delegation."    65 Ala. 431.    In *Hood v. Powell* 73 Ala. 171, it is said by Stone, J.:   The certificate of acknowledgment, made by the sworn clerk of the judge of probate, acting for and in the name of his principal, was sufficient ;" and by Clopton J. in *Shelton v. Aultman & Tay-*

*lor Co.* 82 Ala. 315, that "by the settled construction of the statute, the clerk of the judge of probate may take the acknowledgment, and make the necessary certificate, in the name of the judge." The general assembly, recognizing this "settled construction," and proceeding, it would seem, upon the idea that it negatived any authority in such clerk to perform any of the duties or exercise any of the powers imposed and conferred by the provision of the Code to which we have referred in his own name as such clerk, have recently provided that *when there is a vacancy* in the office of the judge of probate, these duties and powers shall be performed and exercised by the clerk" in his own name as clerk of the probate court." Acts 1892-93 p. 143.

It is, however, insisted for appellant that while the cases to which we have adverted hold that such clerk may take acknowledgments of conveyances for and in the name of the probate judge, and while what is said in one of them negatives his power and authority to act in this respect in his own name as such clerk, yet that it has never been *decided* that he cannot take such acknowl. edgment in his own name, and that the expressions in *Halso v. Seawright, supra,* in denial of such authority are mere *dicta* and should not be followed. We cannot concur in the view that what is said in that case in the way of limiting such clerk's power to action for and in the name of the judge is mere *dictum,* or that it was not there decided that he could not take acknowledgment in his own name. The conclusion of the court there is, indeed, expressly put upon the consideration that he was only an agent or deputy of the judge, without distinct official power or existence, and incapable of official action save in the name of his principal, and, hence, that the power conferred by the statute then under consideration upon the probate judge to take acknowledgments to alienations of homesteads might be exercised *by such judge* through his statutory agent in the name of the principal; and it was conceded, as, indeed, is most clear, that if such clerk had, under section 795, sub-section 6 of the Code, powers independent of those conferred on the judge, in respect of taking acknowledgments generally, he could not take an acknowledgment of the conveyance of a homestead because the statute on that subject did not name him as one of the officers before

whom such acknowledgments were required to be made, and, like the clerks of this and the circuit courts and registers in chancery, he would have been without any authority in the premises, and for the same reason. So that the judgment in that case was reversed on the ground that the clerk was the mere agent of the judge, and not a distinct officer, and must act in the name of the judge and not iu his own ; and what was said to that effect was clearly not *dicta*.

We have then a settled construction of this statute both by the judicial and legislative departments of the government, more than once repeated and reaffirmed that the clerk of the probate court or of the judge of probate, as he may well be indifferently called, is without authority to take acknowledgments to instruments which may be recorded, except in the name of the judge of probate ; and, while we are not insensible to the strong argument in support of the contention that he may take such acknowledgments either in the name of the judge or in his own as such clerk, we shall adhere to the rule as we conceive to have been laid down by this court.

Our later decisions have established the doctrine, in conflict with earlier ones, that the taking of an acknowledgment is judicial in its nature. It is somewhat incongruous that a judicial act should be performed by one in the name of another ; but the legislature, we do not doubt, may delegate judicial power of this sort to the clerk of a judicial officer to be vicariously exercised in the name of his principal.

The trial court properly excluded the mortgage which purported to be acknowledged before "M. D. Ivey, Clerk Probate Court" from the jury ; and the judgment below is

Affirmed.