# Southern Railway Co. *v.* Hundley.

*Damages for Injury to Passenger.*

(Decided June 6, 1907. 44 South. 195.)

1. *Carriers; Passengers; Injury While Alighting; Complaint.*—A complaint alleging that as the defendant's train on which plaintiff was a passenger approached her destination, blew for the station, began to slow down and a trainman announced the station, she in obedience went out upon the platform and by the time she had reached it the train had arrived at the depot and had slowed down almost to a standstill, and that imemdiately after she had reached the platform preparatory to alighting, the servants in charge of the train caused it suddenly and without warning to start violently forward, thereby hurling her to the ground and inflicting certain injuries, states a cause of action and does not show contributory negligence as a matter of law.

2. *Same; Contributory Negligence; Plea.*—A plea alleging that in the night-time plaintiff had gone on the steps of the car while the train was moving too rapidly for a woman to attempt to alight, that she had nothing in her hands, and could easily have held the railing of the car, and had she done so the sudden starting of the car without warning would not have thrown her off, is a good plea sufficient to submit to the jury the question whether or not in so doing she was negligent.

3. *Appeal; Prejudicial Error; Sustaining Demurrer.*—Where a benefit was not had of a plea under pleas which went further and averred matter necessary to be proven not averred in the other plea, the sustaining of a demurrer to the first plea was error prejudicial to defendant, if said plea was good.

4. *Affidavit; Jurat; Deputy Clerk.*—The jurat to an affidavit made by a deputy clerk in his own name is good under the provisions of section 923, Code 1896.

5. *Clerks of Court; Deputy; De Jure; Presumption.*—It will be presumed that a deputy clerk, in whose name the jurat to an affidavit was made, was a de jure deputy, in the absence of proof to the contrary.

6. *Carriers; Injury to Passenger; Variance.*—Proof that the jerk of the car, throwing her off, came as she was stepping to the ground, does not support a complaint which alleges that immediately after she reached the platform of the car preparatory to alighting, the car was started violently without warning, throwing plaintiff off.

7. *Same.*—A plaintiff cannot recover on evidence that the train came to a stop a reasonable time for her to alight before the jerk under a complaint alleging that she was thrown off by a sudden jerk before the train came to a standstill.

8. *Corporations; Plea; Admission of Incorporation.*—Where a corporation appears by attorney and pleads the general issue to the complaint, such plea is an admission of the corporate character of defendant and relieves plaintiff of proof of such corporation.

9. *Witness; Credibility; Contradiction.*—The credibility of a witness not being affected by contradictions on immaterial facts, a charge which asserts that if plaintiff contradicted herself or was contradicted in certain ways, the jury could consider this in determining the weight to be given her testimony, but which fails to hypothesize that the contradiction was on some material matter, is properly refused.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Agnes Hundley against the Southern Railway Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

The complaint alleges, in substance, that defendant was operating a railroad between certain points named, and that the plaintiff had been accepted as a passenger to one of said points; that when said train approached said point, blew for the station, and began to slow down, one of the trainmen, an agent or servant of the defendant, announced and proclaimed within the hearing of the plaintiff the station, the destination of the plaintiff;

that plaintiff in obedience to said announcement arose and went to the platform of the car in which she was a passenger, and by the time she had reached the platform of the car the train had arrived at the depot of defendant, and had slowed down to almost a standstill; that immediately after said plaintiff had reached said platform or steps preparatory to her alighting from the train at her destination, the agents or servants of defendant in charge of the train caused the same to suddenly and without warning start violently forward, thereby hurling her to the ground, etc. Her injuries are stated at length, and it is alleged that she was rendered unconscious, and her ability to hear, in one of her ears was permanently destroyed, and her body was partially paralyzed. It was alleged that the act of the agent or servant of defendant in causing the train to suddenly start forward was an act of negligence, and in violation of its duty to safely transport plaintiff. A number of demurrers were filed to the complaint, among them that it did not state a cause of action; that it affirmatively appears that the plaintiff was guilty of negligence which contributed to her injury, in that she attempted to alight from the train while the same was in motion, and that she was guilty of negligence which contributed to her injury, in that she went upon the platform while the same was still in motion; that it does not appear from said complaint that said train did not stop at the point of passenger's destination; that it does not appear that said train did not stop at the point of destination a reasonable time for plaintiff and other passengers to alight therefrom before she was thrown ;that it appears therefrom that said train had slowed down to almost a standstill before plaintiff was thrown from said train, and it does not appear that the person starting said train had notice or knowledge that plaintiff had not alighted from same.

The following were the pleas filed: (1) General issue. (2) "Plaintiff proximately contributed to the injuries complained of by her own negligence, in this: She negligently failed to wait until said train came to a stop at said station, but jumped off the same while it was in motion. Said train did in fact stop at said station at Belle Mina for a reasonable time and long enough for plaintiff to have gone from her seat in said car to the steps and to have alighted in safety while it was standing; but she chose to jump or step therefrom while it was moving, without necessity so to do, in the nighttime, whereas it was obviously safer under the circumstances for her to have waited until said train stopped. Had she done so, she would not have been injured." (3) "Plaintiff proximately contributed to the injuries complained of by her own negligence, in this: At the time she was so thrown from said train she did not have hold of the railing of the car, but was standing on the steps without holding to any part of the car; and said car was in fact provided with a handhold for passengers to hold to when alighting, or when on the step preparatory to alighting, and had the plaintiff been holding to the same, as she could have done, she would not have been injured." (4) "The plaintiff proximately contributed to the injuries complained of by her own negligence, in this: Although said train did stop at said station for passengers to alight therefrom, plaintiff negligently attempted to alight therefrom while it was moving and before it came to a stop, without necessity so to do and in the nighttime, and she could have avoided said injury by waiting until the train stopped before attempting to alight." (5) "Plaintiff proximately contributed to the injuries complained of by her own negligence, in this: Although said train did stop at Belle Mina long enough for the passengers intending to get off there to alight

while it was standing, and stopped at the place where such trains were accustomed to stop, plaintiff negligently attempted to alight therefrom while it was moving and before it came to a stop, without any necessity therefor and in the nighttime, and she could have avoided said injury by not attempting to alight therefrom until said train had come to a stop; and defendant further alleges that said car on which plaintiff was a passenger was not negligently jerked while plaintiff was in the act of alighting therefrom." (6) "Plaintiff, when she was injured, which was in the nighttime, had gone upon the step of the car while it was in motion for the purpose of alighting therefrom. She had in her right hand three bundles and nothing in her left, and with her left hand could have held the railing or handhold of the car, and, had she held it, said sudden starting of said train would not have thrown her off. But she negligently failed to hold said railing as she descended said steps and as she stood thereon, and so proximately contributed to the injuries complained of." (7) "Plaintiff, when she was injured, which was in the nighttime, had gone upon the steps of the car while it was going too rapidly for a woman to attempt to alight therefrom. She had nothing in her hand, and could easily have held the handhold or railing of the car, and, had she done so, said sudden starting of the train without warning would not have thrown her off; but she negligently failed to hold said railing as she descended or stood on said steps, and thereby proximately contributed to the injuries complained of." It is unnecessary to set out pleas 8 and 9. Numerous demurrers were interposed to these pleas, but it is not necessary to set them out here.

The following charges were refused to defendant: (1) General affirmative charge. (3) "If you believe from the evidence that plaintiff was stepping to the

ground when the train gave a sudden jerk, your verdict must be for defendant." (8) "There is no evidence in this case that defendant was a corporation, and if you believe the evidence your verdict must be for defendant." (9) "I charge you that section 1803 of the Code does not remove the burden resting upon plaintiff to prove the averment of the complaint that the defendant was a corporation." (10) "If you believe from the evidence that plaintiff contradicted herself on the stand, or by sworn statement offered in evidence, or by disinterested witnesses in the case, you are authorized to consider this in determining what weight you will give to the evidence of the plaintiff." (12) "If you believe from the evidence that plaintiff was thrown off the car by the sudden jerk thereof as it came to a stop, plaintiff cannot recover in this case." (13) "If you believe from the evidence that the train came to a stop, and plaintiff failed to get off while it was standing, and was then thrown off by the sudden starting of the car, she cannot recover in this case." (14) "If you believe from the evidence that the train was stopped at Belle Mina for a time reasonably sufficient to enable the passengers to alight, and that it was then started up, and that Agnes Hundley was then thrown off by a jerk, she cannot recover in this case."

There was judgment for plaintiff in the sum of $500, and defendant appeals.

HUMES & SPEAKE, for appellant.—It is contributory negligence for a female passenger in an enfeebled condition to attempt to alight from a railway car while it is in motion, and she is not aware how fast the train is going.—*L. & N. R. R. Co. v. Lee,* 97 Ala. 325; *E. T. V. & G. R. R. Co. v. Holmes,* 97 Ala 332; *Brown v. Barnes,* 151 Pa. St. 562; 3 Hutchinson on Carriers (3rd Ed.) pp. 1381-1388. The pleas of contributory negligence

[Southern Railway Co. v. Hundley.]

were good.—*C. R. R. & B. Co. v. Letcher*, 69 Ala. 106; *Thompson v. Duncan,* 76 Ala. 334; *Ricketts v. Bir. St. Ry.*, 85 Ala. 600; *McDonald v. Montgomery St. Ry.*, 110 Ala. 161; *B. E. R. Co. v. Clay*, 108 Ala. 233. Having given the passenger an opportunity to alight by the exercise of reasonable diligence, the servants of a railroad are not guilty of negligence in putting the train in motion unless they know that a person is in the act of alighting at the time or ought to have known it.—*B. U. Ry. Co. v. Smith*, 90 Ala. 60; *H. A. & B. R. R. Co. v. Burke*, 92 Ala. 291. The statute clearly contemplates that when the duties of the clerk are performed by his deputy he should act in the name of the clerk.—*Minniece v. Jeter*, 65 Ala. 222; *Joseph v. Cawthorn*, 74 Ala. 411; *Scruggs v. The State*, 111 Ala. 60; *Walker v. The State*, 107 Ala. 5; *Perkins v. Reed*, 14 Ala. 536; *Land v. Patterson*, Minor 14; *Wimbish v. Wafford*, 33 Tex. 109; 13 Cyc. 1043; 9 A. & E. Ency. of Law, 381. There was a variance between the allegation of the complaint and the proof.—*Southern Ry. Co. v. Shelton*, 136 Ala. 191.

WILLIAM M. HUNDLEY, for appellee.—The word corporation as used in the complaint is a word of discription and might have been stricken since there was no question of the identity or agency that inflicted the injury.—*Lewis Co. v. Camody*, 137 Ala. 578; *Ex parte Nicrosi*, 103 Ala. 104; *Western R. R. Co. v. Sistrunk*, 85 Ala. 352; *Southern Life Co. v. Roberts*, 60 Ala. 431. The affidavit taken by the deputy clerk is valid.—Section 933, Code 1896; *Minniece v. Jeter*, 65 Ala. 222. The voluntray leaving of the car and going to the platform or steps preparatory to alighting is not negligence per se.—*Watkins v. B. R. & E. Co.*, 120 Ala. 147; *B. R. & E. Co. v. James*, 121 Ala. 120. At any rate it was a ques-

tion for the jury to say whether defendant was guilty of contributory negligence.

ANDERSON, J.—The complaint was not subject to the demurrers interposed, which were properly overruled by the trial court. Pleas 2, 3, 4, 5, and 6, as amended, were subject to the demurrers, which were properly sustained.

The trial court erred in sustaining the demurrer to the seventh plea. It was a question for the jury as to whether or not it was dangerous for the plaintiff to have gone upon the steps without holding the rail, as the plea avers that the train was going too fast for her to attempt to alight therefrom, that if she had held to the rail she would not have fallen when the train jerked, and that she negligently failed to hold the rail and thus proximately contributed to her injury. The defendant was therefore entitled to submit the facts set up in the seventh plea to the jury, and, if they were proven, she was guilty of contributory negligence. Nor can we hold that defendant got the benefit of plea 7 under pleas 8 and 9, as these last pleas go further, and aver that plaintiff jumped while the train was running, which had to be proved; yet there was no such averment in the seventh plea, and it set up contributory negligence of failing to hold the rail under conditions therein described, and not in jumping from the moving train.

There was no error in overruling the objection of defendant to the interrogatories propounded under the statute to the defendant because the jurat to the affidavit was by the deputy clerk in his own name, and not in the name of the clerk. This was a performance of a duty authorized under section 933 of the Code of 1896, and in the absence of proof to the contrary we will presume that he was a de jure deputy.—*Minnicce v. Jeter,*

25 R

65 Ala. 222.  But we do not mean to hold that the affi-
davit would not be good if made before a de facto deputy
clerk.—*Joseph v. Cawthorn,* 74 Ala. 411.  Although it
was held in the case of *Walker v. State,* 107 Ala. 5, 18
South. 393, that perjury could not be predicated upon
an oath administered before a mere de facto deputy
clerk, we have a line of decisions holding that clerks of
a probate judge can only take acknowledgments in the
name of the probate judge; but that rule does not apply
to the question at issue, and the reason for the applica-
tion of the other rule as to acknowledgments is given in
the case of *Pioneer Savings & Loan Co. v. Barclay,* 108
Ala. 155, 19 South. 308, and which proceeds upon the
theory that the power to take acknowledgments is given
under section 993 of the Code of 1896 to a certain class,
and, being judicial, could only be exercised by the clerk
in the name of the probate judge, notwithstanding the
Legislature delegated the right to do so to his clerk. The
act here was ministerial.

Charge 3, requested by the defendant, should have
been given.  It was supported by some of the evidence,
and was not, therefore, abstract, and, if the jury be-
lieved the facts hypothesized, there was a variance.  It
may be that the complaint did not have to particularize
as it did; but, having done so, the proof should show
that she was jerked off when preparing to alight, and
not after she had partially alighted or was actually
getting off the train.

The trial court did not err in refusing charges 1, 8,
and 9, requested by defendant.  Counsel for appellant
contends that they should have been given, because there
was no proof that the defendant was a corporation.  It
is true that section 1803 of the Code of 1896 applies to
suits by corporations and partners, and not to actions
against them.  But under a well-established rule of
pleading, when an action is brought against a corpora-

[Southern Railway Co. v. Hundley.]

tion, and it appears by attorney and pleads the general issue, such plea is a denial of the wrong charged, but it is an admission of the corporate character of the defendant, and relieves the plaintiff from having to prove that fact.—*Zealy v. Birmingham Ry. & Elec. Co.,* 99 Ala. 579, 13 South. 118; *Oxford Iron Co. v. Spradley,* 46 Ala. 98.

The trial court properly refused charge 10, requested by the defendant. If not justified in doing so for other reasons, it is bad for pretermitting the fact that plaintiff was contradicted upon some material fact. A contradiction as to an immaterial fact does not affect the credibility of a witness.

The trial court did not err in refusing charges 12 and 13, requested by the defendant.

Charge 14, requested by the defendant, should have been given. If the train stopped a sufficient time to enable the passengers to alight, the plaintiff cannot complain that it was started with a jerk, unless, of course, it was known by defendant's servants that she was on the steps or platform preparing to alight, but which fact is not presented by the pleading. The charge may not be covered by any of the special pleas, but is embraced in the general issue. The complaint is based upon a sudden jerk before the train came to a standstill. If the train came to a stop a reasonable time before the jerk, then the complaint was not proven. The charge was not abstract, as the defendant's testimony shows that the train stopped long enough for the passengers to alight, and that there was no slacking and jerking before it finally stopped.

The judgment of the circuit court is reversed, and the cause is remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.