# Louisville & Nashville R. R. Co. v. Cannon.

*Damages for Being Directed to Take Wrong Train.*

(Decided Dec. 17, 1908.  48 South. 64.)

1. *Carriers; Passengers; Complaint; Variance.*—An allegation in a complaint against a railroad company because its gateman at a union station misdirected plaintiff as to a train of another road, which alleges that plaintiff purchased his ticket over such other road from defendant and that defendant sold him the ticket, is not supported by proof, that the ticket agent at the union station sold tickets for all the roads entering the union depot; and this allegation is descriptive of the wrong imputed to the defendant, and must be proven, although the complainant might have confined his averments to the fact that he purchased the ticket without alleging that it was purchased from and sold by the defendant.

2. *Same; Passengers; Liability; Joint Agent.*—Where the complaint sought to fix liability on defendant on the ground that the gateman was its agent, and not for the wrong doing of a joint agent, to whom defendant with others bore the relation of principal, proof that the gateman was a servant of the defendant, and while acting within the scope of his employment as such negligently misdirected plaintiff as to his train, and that as a proximate consequence thereof plaintiff suffered injury, will authorize a recovery, irrespective of the proposition that if the gateman was the joint agent of the several roads entering the union depot, defendant could be liable only in consequence of the negligence with respect to duties owed in performance by such joint agent to defendant.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Adolphus Cannon, pro ami, against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

GEORGE W. JONES, and S. L. FIELDS, for appellant. The court erred in refusing to strike portions of the complaint as pointed out in the motion. The damages claimed were too remote and uncertain.—*W. U. T. Co. v. Wilson*, 93 Ala. 32; 20 Am. St. Rep. 589. It is clear that neither count of the complaint states a cause of action.—61 Am. Dec. 631; *Thompson's Case*, 77 Ala. 448; *Dean v. E. T. V. & G. R. R. Co. et al*, 98 Ala. 586. The count shows upon its face that the plaintiff was a trespasser upon the train and had no legal right to enter or remain thereon.—76 Ala. 492; 90 Ala. 119; 95 Ala. 392; 117 Ala. 413. It was plaintiff's duty under the law after missing his train to use all reasonable effort to minimize his damage as much as possible.—*W. U. T. Co. v. Hay*, 83 Ala. 542; 27 A. & E. Ency of Law, 1033. The question of agency is determined by determining for whom the party was acting at the time of the performance of the service, not by who has the right to employ or discharge.—*Dean v. E. T. V. & G. R. R. Co. supra*. The principal and not the agent is liable for the

acts of the agent done within the scope of his employment.—*Powell v. Wade,* 109 Ala. 97. Charge 11 should have been given.—61 Am. Dec. 631.

L. A. SANDERSON, for appellee. The complaint stated a cause of action.—*Robertson v. L. & N. R. R. Co.,* 27 South. 831; *Dean v. E. T. V. & G. R. R. Co.,* 98 Ala. 588.

McCLELLAN, J.—The complaint consists of two counts, the gravamen of each of which is that a gateman in the employ and service of the defendant (appellant) negligently misdirected the plaintiff in respect of a train he desired to take and to passage on which he was entitled. To both these counts of the complaint this averment is, in substance, common: "*  *  * That the defendant owned, operated, and conducted a passenger depot in the city of Montgomery, and sold tickets for passage on its railway and on various and other sundry railroads that operated in and carried passengers into and out of the city of Montgomery, and also at said time sold tickets for passage on the Atlantic Coast Line Railroad operating (in) and out of the city of Montgomery to various and sundry points; *  *  * that he (the plaintiff) purchased a ticket from defendant at defendant's passenger depot over the Atlantic Coast Line Railroad from Montgomery to Ramer, Ala. *  *  *" The allegation that Cannon's ticket from Montgomery to Ramer, over the Coast Line road, was sold by the defendant to plaintiff is wholly without support in the testimony in the transcript before us. The only effort to produce any testimony bearing even remotely upon this allegation was through the ticket agent, introduced by defendant, Suratt. Suratt testified "that he was ticket agent at the Union Depot; that he sold tickets for all the roads entering the Union Depot." Further testimo-

[Louisville & Nashville Railroad Co. v. Cannon.]

ny from this witness, with reference to the separation,. of funds secured from sales of tickets over each road, was disallowed at the instance of the plaintiff. As is manifest, the quoted testimony from Suratt did not alone tend to the proof of the allegation that the defendant sold this ticket from Montgomery to Ramer. Indeed, the testimony did not assume to be directed to the sale of this particular ticket. The averment under consideration being wholly unsupported in the evidence, the inquiry is whether that averment was material? We think so; and the result is that the affirmative charges as to each count, requested by the defendant, should have been given.

Our reasons for the conclusion will be briefly stated. The averment was descriptive of the wrong imputed to the defendant. It was necessary, in this instance, and obviously so regarded by the pleader, that plaintiff's right to pass the entrance gate and gateman be predicated upon a ticket entitled him to take passage on a train within the inclosure. The source of the prerequisite is flatly ascribed in the complaint to the defendant; and this, notwithstanding the place of destination was on the Coast Line's railway, and not on that of the defendant. The pleader might well have confined his averment, in this respect, to the allegation that he had purchased a ticket from Montgomery to Ramer over the Coast Line's railway, omitting the allegation that it was purchased from and sold by the defendant. Having however, chosen to particularize, as this pleader did, it was necessary that he carry the averment in proof. The following decisions, with others therein cited, of this court, while not in exact point, announce the rule now applied:—*Smith v. Causey,* 28 Ala. 655, 65 Am. Dec. 372; *A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 269, 47 South 84; *Sou. Ry. Co. v. Hundley,* 151 Ala. 378, 44 South. 195.

Since another trial must be had, it is proper that we should state our opinion that the complaint not only sets forth a good cause of action upon the alleged negligence of the gateman, but that no ground of the demurrer thereto is well taken.—*Robertson v. L. & N. R. R. Co.,* 142 Ala. 216, 37 South. 831. The insistence of counsel for appellant that if the gateman, to whom the negligence is imputed, was the joint agent of the several roads entering the Union Station, then this defendant could be liable only in consequence of negligence with respect to duties owed, in performance, by such joint agent to this defendant (see *Dean v. E. T. V. & G. Ry. Co. and L. & N. R. R. Co.,* 98 Ala. 586, 13 South. 489), is not a material inquiry, in this case, as the complaint is now framed, for the reason that both counts of the complaint seek to fix liability upon the defendant for the misfeasance of its agent and not for the misfeasance of a joint agent to whom the defendant bore the relation, with others, of principal.

The court below correctly abstracted from the case the issue of fact tersely stated in the oral charge, viz: Was the gateman the agent or servant of the defendant, and, if so, while acting within the scope of his employment as such, did he negligently misdirect this plaintiff in respect of the train on which he was entitled and desired to travel, as a proximate consequence of which the plaintiff suffered injury? And on the proof on that issue contained in this record the court properly submitted the decision of the issue to the jury.

It is unnecessary to consider other questions. For the error in refusing the affirmative charges, on the theory stated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.