# Southern Railway Company *v.* Morgan.

### Damage for Injury to Passenger.

(Decided Feb. 9, 1911. 54 South 626.)

1. *Carriers; Passengers; Contributory Negligence.*—While there may be circumstances attending an attempt to alight from a moving train which would justify the court in declaring such conduct to be negligence per se, it is not negligence, as a matter of law in every case, to attempt to do so.

2. *New Trial; Weight of Evidence.*—The evidence in this case stated and examined and held to be so preponderant in support of defendant's pleas of contributory negligence as to render the action of the court in refusing new trial erroneous.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by William C. Morgan against the Southern Railway for damages for injuries received while a pas-

senger. Judgment for plaintiff and defendant appeals. Reversed and remanded.

LAWRENCE E. BROWN, for appellant. Under the facts in this case, the defendant was guilty of contributory negligence.—*S. & N. R. R. Co. v. Chalker*, 75 Ala. 141; *E. T. V. & G. v. Holmes*, 97 Ala. 333; *So. Ry. v. Hill*, 39 South 879; *Dilburn v. L & N*. 47 South. 210; *McDonald v. Mont. St. Ry*. 110 Ala. 163; *Hunter v. L. & N*. 150 Ala. 9; *Sweet v. B. R. & E. Co*. 145 Ala. 667; *L. & N. v. Lee*, 97 Ala. 325. On these authorities it is insisted that the evidence so palpably supported the defendant's pleas of contributory negligence, that this court should review the action of the trial court in refusing a new trial, and should reverse the cause for that reason.

VIRGIL BOULDIN, for appellee. No brief reached the Reporter.

SAYRE, J.—Plaintiff sued for damages for personal injury, alleging in the most general way, after stating the relation of passenger and carrier between him and defendant, that defendant so negligently operated one of its cars, a part of the train upon which he was, that by reason of such negligence he received great personal injuries, setting them out according to their nature and extent. The case made by the evidence offered on behalf of plaintiff was as follows: Plaintiff, his daughter, Mrs. Lemley, and Mrs. Lemley's child, an infant in arms, had purchased tickets and had taken passage to Limrock. The witnesses with one accord say that the train stopped at Limrock. The evidence was in conflict as to the length of the stop, but there was enough making for the plaintiff's view of the case to justify the jury

in finding that the stop was so brief that these passengers had not a reasonable time within which to safely alight.    Further, plaintiff's case, construed most favorably to him, was that in the effort to alight he had reached the steps of the car just at the moment the train started again, and thence a sudden jerk of the train caused him to fall or be thrown to the ground. The jury must have found in accordance with the stated version of the facts, and thereupon the plaintiff was entitled to a verdict.    But it is insisted that, conceding the jury were authorized to find that the stop was so short as not to afford a reasonable time for alighting from the train, yet the great weight of the evidence went to show that plaintiff was guilty of a lack of due care on his part, contributing to some extent and proximately to his injury, and therefore that the trial court erred in overruling defendant's motion for a new trial.

We feel constrained to say that we concur in this view of the facts.    Plaintiff and his daughter were sitting near the front door of the car.    When Limrock station was announced, they prepared to alight.    Plaintiff had a suit case in his right hand.    His daughter had her babe on her left arm.    The daughter led the way. Plaintiff followed as closely after as he could.    Mrs. Lemley testified "I was going down the steps when the train started, father right behind me.    As he started down the steps, the train gave a quick jerk and jerked my hold loose.    It was going so fast I fell off.    And while I was falling—pa was right in behind me and he —we started down the same steps, and I fell off first, and it was going so fast it throwed him above me.    We were even with the depot platform when the train started.    It started, and jerked my hold loose, and pitched me out.    *    *    *    I seen my father on the ground. I

did not see him as he fell. * * * When pa fell off the train was past the end of the depot—far end of the platform." And on cross-examination: "Pa left the train pretty quick after I did. I seen him when he hit the ground. I didn't have to turn around, I said, 'Lord have mercy! Pa is on that train,' and just then I saw him hit the ground." Plaintiff testified: "Just as we made our way to step off of the first step the train jerked and started, and broke my hold loose, and I went one way and she the other. * * * The train was going as fast as a man could walk when it jerked me off; jerked my hand loose from handle bar. The fast part was not the trouble. It was the jerk that done the work; jerked my hand loose and jerked her loose. I cannot tell how much faster the train was going when I fell off than when my daughter fell off. * * * The train pitched me head foremost. I had suit case in my hand. My daughter fell out in front, and I fell out sideways on my right side. * * * I had left hand hold of the iron bar, and I had suit case in my right hand. My face was next to depot when I recollect I passed the depot." It is certain that, whether Mrs. Lemley was thrown by the starting of the train, or whether she voluntarily stepped off after the train had started forward, the flagman caught her, so that, as it appears, neither she nor her babe suffered harm. It was well sustained, and we do not construe plaintiff's testimony to the contrary, that plaintiff reached the ground one to two car lengths from the place where the flagman caught his daughter. Meantime the train had gathered speed. It seems clear that the jerk incident to the starting of the train did not dislodge plaintiff from the train. Plaintiff and his daughter alone testified that there was a jerk. On the other hand, Haney and Claybrook, witnesses for plaintiff, both of whom were on the train and were apprised of the acci-

dent immediately thereafter, observed nothing unusual in the movement of the train. This was corroborated by Clyde Gentle, for whom both parties vouched by using him as a witness, and who boarded the train at Limrock, and who saw the accident.

If the evidence for the defendant be laid out of view; it may be possible to account for Mrs. Lemley's experience by referring it to the mere starting of the train as she was in the act of descending from the step, and this notwithstanding her own and plaintiff's careful insistence upon it that there was a jerk. And if she had been injured and were prosecuting this suit in consequence, we would not deny her right to recover. But the movements and hurt of plaintiff cannot with probability be accounted for in that manner. He fell at a different time and place. On plaintiff's evidence it seems highly probable that plaintiff voluntarily stepped or jumped from the train after it had been stopped at the Limrock station and had been again set in motion. The evidence adduced by the defendant makes it about as certain as any conclusion can be which depends on human testimony. Witnesses Brown, Gentle, and Bulman, who lived in the neighborhood and who seem to have no interest in or connection with the defendant, testified that the plaintiff and his daughter stepped or jumped from the train after it had begun to move away from the station. These are corroborated by Atchley, who was defendant's station agent, and by Short, who was at the time a flagman on defendant's train, but had severed his connection with it before the time of the trial; and all these witnesses testify that the flagman called to plaintiff to wait while he was yet on the steps. Plaintiff denies that he heard this, and we will assume that he did not; but, whether he did or not, this evidence clearly shows that plaintiff's actions indicated his purpose to get off the

[Southern Railway Company v. Morgan.]

train without waiting for it to be stopped, and, in connection with that already quoted, leads irresistibly to the conclusion that he voluntarily and unnecessarily stepped or leaped from the train while in motion.

It has been laid down that it is not negligence as a matter of law to alight from a moving train. But it is obvious that there may be circumstances attending an attempt to do so in which it becomes the duty of the court, where the testimony is undisputed, to declare the passenger's conduct negligent per se.—*Hunter v. L. & N. R. R. Co.*, 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848. In the case at bar it is made to appear without contradiction that the plaintiff had not been at Limrock for 20 years. He had entered his sixty-sixth year. He had recently been ill and was weak. He carried a suit case in his right hand. It was dark. He had just come out of a lighted car. Under these conditions he blindly stepped or leaped from a train which was moving so rapidly as to cause him to fall heavily to the ground. Furthermore, he left the car on the left side as it moved. Incumbered as he was, it is highly probable that he stepped off in a direction perpendicular to the train's line of motion, as several of the witnesses testified, or even with his face towards the rear of the train, according to the testimony of one of them. His own testimony leaves room for no other conclusion than that he stepped sidewise from the car. Under these circumstances, while it cannot be said there is no evidence to support plaintiff's case, the great weight of the testimony supported defendant's plea of contributory negligence, and it is our judgment that the motion for a new trial should have been granted.—*L. & N. R. R. Co. v. Lee*, 97 Ala. 325, 12 South. 48; *Central R. R. Co. v. Letcher*, 69 Ala. 106, 44 Am. Rep. 505.

In order that the case may be submitted again to a jury, which will exercise its judgment of the facts as they may then appear, a reversal will be ordered. It is unnecessary to consider other propositions advanced by the appellant. They cannot recur under the same conditions as now presented.

Reversed and remanded. All the Justices concur.