(83 South. 63)

CENTRAL OF GEORGIA RY. CO. v. WILLIAMS. (7 Div. 5.)

(Supreme Court of Alabama. June 26, 1919. Rehearing Denied Oct. 23, 1919.)

CARRIERS ⊕⇒321(3)—FATAL VARIANCE IN ACTION FOR INJURIES TO PASSENGER.

In action for injuries sustained by plaintiff passenger in alighting from a train, *held* that the court should have given requested instruction that, if at the time the train upon which plaintiff was a passenger started away from the station (plaintiff's destination) plaintiff had not reached the platform of the car in which she was riding, there is a fatal variance between the pleading and the proof, and the verdict must be for the defendant.

McClellan and Gardner, JJ., dissenting.

Appeal from Circuit Court, Shelby County; Hugh D. Merrill, Judge.

Action by Georgia Ann Williams against the Central of Georgia Railway Company for damages for injuries while a passenger. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The following are the charges referred to:

(AA) The court charges the jury that if they believe from the evidence that plaintiff remained in the car until the train started, and then went out of the car onto the platform for the purpose of getting off the train before the train stopped and was thrown off, then you must find for the defendant.

(19) If you believe from the evidence that at the time the train upon which plaintiff was a passenger started away from Smith Station the plaintiff had not reached the platform of the car in which she was riding, there is a fatal variance between the pleading and the proof, and your verdict must be for the defendant.

It is without conflict that plaintiff, a woman 67 years old, carrying a heavy basket and accompanied by her granddaughter, who had a baby in her arms, boarded defendant's train at Phœnix City, with a ticket to Smith Station. The evidence is in conflict as to how long the train stopped at Smith Station, but it appears that passengers got on and off the train while it was there. The plaintiff's evidence tended to show that as she was going from the coach onto the platform the train started, and she tumbled out. She also testified that when she got to the door the train was moving, but she did not know how fast it was moving; that she saw that the train was moving, and started towards the steps, and fell down, and that was all she could remember; the granddaughter's evidence was that just as she

stepped off the steps onto the ground the train started, and that her grandmother was on the platform, and as the train gave a snatch it threw her grandmother down the steps. She also testified that the train stopped there six minutes, and that she was not in position to hear what the porter told her grandmother as the train was in motion.

There was other evidence tending to show that the plaintiff was in the coach when the train started to move, and was told to wait until the train could stop, and that some one pulled the bell cord for the train to stop, and that after plaintiff got on the platform there was no jerk or snatch of the train.

London, Yancey & Brower, of Birmingham, for appellant.

Riddle & Ellis, of Columbiana, for appellee.

SAYRE, J. Plaintiff sued for damages on account of an alleged personal injury, charging with particularity in her complaint that "she was carried by the defendant as its passenger on one of said passenger trains from said Phœnix City to Smith Station, * * * and plaintiff avers that while she was in an effort to get off of said train at Smith Station, her destination, * * * the train was suddenly started with a quick jerk, and as a proximate consequence thereof she was caused to fall and be thrown," etc. The second count omitted the words "with a quick jerk." In all other respects it repeated the language of the first count quoted above. By the hypotheses of requested charges AA and 19 defendant, appellant sought to have the jury pass upon a strongly developed tendency of the evidence, which, if believed, would bring the plaintiff's case under the influence of Louisville & Nashville v. Dilburn, 178 Ala. 600, 59 South. 438; Southern v. Morgan, 171 Ala. 294, 54 South. 626, and Louisville & Nashville v. Lee, 97 Ala. 325, 12 South. 48. However, these charges did not predicate nonliability, but only that there was a variance between the complaint and the facts hypothesized. On the hypotheses of these charges there was a variance, and the plaintiff should not have been allowed to recover on her complaint. Central of Georgia v. McNab, 150 Ala. 332, 43 South. 222; Southern v. Hundley, 151 Ala. 378, 44 South. 195. "The plaintiff has elected to state his own ground of action, and if, in doing so, he has stated a particular fact, and by his mode of statement has inseparably connected it with the substance of the issue, so as to render proof of it essential, it is a misfortune of his own, which cannot be justly visited upon his adversary." South & North Alabama v. Schaufler, 75 Ala. 136. Such was the case

here, and these charges should have been given.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

McCLELLAN and GARDNER, JJ., dissent.