## BUREAU OF NATIONAL LITERATURE v. GRIFFIN. (3 Div. 457.)

(Court of Appeals of Alabama. May 13, 1924.)

1. Sales ⬤⟾38(8)—Acts amounting to fraud in execution of contract entitling buyer to set it aside stated.

If plaintiff's agent fraudulently imposed upon defendant buyer in obtaining latter's signature to a contract defendant had not agreed to sign, and did not know he was signing, such fraud would entitle defendant to set it aside.

2. New trial ⬤⟾72—Sales ⬤⟾52(7)—Evidence held to show fraud; refusal to set aside verdict and grant new trial held reversible error, verdict being against overwhelming weight of the evidence.

In action on contract for books delivered, in which defense was fraud in procuring contract, verdict for defendant *held* clearly against the overwhelming weight of the evidence, and refusal to grant motion to set it aside and for new trial was erroneous.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Action by the Bureau of National Literature against Carl Griffin. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Gipson & Booth and John A. Dickinson, all of Prattville, for appellant.

The right to rescind a contract for fraudulent representation is waived, unless exercised with due promptness after discovery. Capital Security Co. v. Holland, 6 Ala. App. 197, 60 South. 495; Capital Security Co. v. Davis, 6 Ala. App. 677, 60 South. 498.

Ballard & Jones, of Prattville, for appellee.

After rescission of the contract, it could not be revived except by mutual consent. 35 Cyc. 158. It was the right of the appellee to rescind. Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 South. 433.

SAMFORD, J. Action in assumpsit. From a judgment for defendant, plaintiff appeals.

The complaint claimed $120 due by a contract executed by defendant on February 19, 1921, by the terms of which defendant agreed to pay plaintiff the sum named, which sum was alleged to be due and unpaid. The complaint also contained a count declaring on a note of like date and amount. For answer to the complaint defendant filed a single plea alleging that the contract, the basis of the suit, was obtained by fraud, in that the plaintiff's agent who represented plaintiff in making the contract had falsely represented to defendant the contents, to wit, that the contract was for the purchase of a general encyclopedia on all topics and subjects, when, in fact, the contract described a publication of the Messages and Papers of the Presidents; that, relying on the representations of the agent, he signed the contract in ignorance of its true recitals, and that in two or three days he did read the contract, and immediately wrote to plaintiff countermanding the order, of which plaintiff had notice before the books were shipped. The plea may have been demurrable in some particulars, but was not subject to any of the grounds assigned by plaintiff. The plea alleged notice to plaintiff and due diligence on the part of defendant.

[1] If the defendant was fraudulently imposed upon by plaintiff's agent in obtaining his signature to a contract defendant had not agreed to sign, did not know he was signing, and did not intend to sign, this would be a fraud in the execution of the contract such as would set it aside. 6 Mich. Dig. 388, par. 326 (1).

[2] To prove the complaint plaintiff introduced the contract, signed by the defendant, evidencing a promise to pay and describing the books contracted to be sold as the Messages and Papers of the Presidents. The plaintiff also introduced a note, signed by the defendant, confirming the contract and promising to pay the amount. This contract and note were dated February 19, 1921, and defendant admitted signing them. On February 23d, four days afterward, defendant voluntarily wrote plaintiff:

"On February 19th Mr. P. A. Thomas called on me and explained fully your proposition on Messages and Papers of the Presidents and I gave him an order for one set, and paid him $8.50 as first payment. And since I have look-

ed my hand over and find that I am not in position to take the proposition, so am asking you to please cancel the order, and refund the amount paid Mr. Thomas. I regret to ask this, but think it best for me and you also. I would like very much to have the set of Messages, but I am not able to own them at this time," etc.

Not a word about an encyclopedia, not a word about misrepresentation, not a word about fraud, but an unconditional statement of acknowledgment, after he admittedly knew the contents of the contract. On March 31st a letter by defendant, still acknowledging the contract, with no word of complaint as to fraud or misrepresentation. On April 18th a letter to plaintiff's attorney, claiming to have countermanded the order, and referring to the letters hereinabove, and in this letter nothing as to fraud or misrepresentation. On May 12th a letter to plaintiff admitting the contract, and still no claim of fraud in its execution. The only evidence to the contrary was the testimony of defendant, who said:

"He told me that he was selling me a general encyclopedia. I did not read the note and contract before I signed them, but relied on the agent's representation that he was selling me a general encyclopedia."

The defendant admitted signing all the foregoing documents and letters. The jury rendered verdict for defendant. Plaintiff moved for new trial on the ground that the verdict was contrary to the evidence. The verdict was so clearly against the overwhelming weight of the evidence the motion to set the verdict aside and to grant a new trial should have been granted. B'ham National Bank v. Bradley, 116 Ala. 142, 23 South. 53; So. R. Co. v. Morgan, 171 Ala. 294, 54 South. 626.

The judgment is reversed, and the cause remanded.

Reversed and remanded.